## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THERESA DANTE; TED HUSS; JULIET HINRICHS; SAMANTHA OGGS; MARGARET GATES, | 20-cv-01047 (JMV)(JBC) |
| Plaintiffs, | |
| v. | |
| JOSEPH SCHWARTZ; ROSIE SCHWARTZ; SKYLINE HEALTH CARE, LLC; SKYLINE MANAGEMENT GROUP, LLC; CORNERSTONE QUALITY CARE, LLC; COTTONWOOD HEALTHCARE, LLC; FIRST LANDING INFORMATION SERVICES, LLC; and JACK JAFFA a/k/a CHAVA JAFFA, | |
| Defendants. | |

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO DISMISS AMENDED COMPLAINT

WASSERMAN LEGAL LLC

1200 Route 22 East, Suite 2000, #2238
Bridgewater, New Jersey 08807
(973) 486-4801

*Attorneys for Defendant Jack Jaffa*

Of counsel:
Jeffrey I. Wasserman

## **Table of Contents**

**Page**

TABLE OF AUTHORITIES ........................................................................ iii

PRELIMINARY STATEMENT ................................................................1

SUMMARY OF PROCEDURAL BACKGROUND..............................2

ARGUMENT ...............................................................................................3

POINT I

THE AMENDED COMPLAINT DOES NOT CONTAIN ANY FACTUAL
ALLEGATIONS THAT PLAUSIBLY COULD STATE A CLAIM FOR
RELIEF AGAINST DEFENDANT JACK JAFFA .......................................3

    A.    The Amended Complaint Contains
    Only One Even Arguably Relevant Factual Allegation About Jaffa ....4

    B.    The Amended Complaint Does Not Allege Sufficient Facts
    To State A Claim For Relief That Is Plausible On Its Face .................5

    C.    The Amended Complaint Fails To Meet The Heightened Pleading
    Standard In Rule 9(b) To State Viable Fraud Claims ..........................9

POINT II

AS AGAINST JAFFA, THE AMENDED COMPLAINT DOES NOT
ALLEGE ANY OF THE ELEMENTS OF ANY OF THE CLAIMS ..........13

    A.    The Amended Complaint Fails To Allege The Necessary Elements
    Of The RICO Claims (Counts I and II)..............................................14

    B.    The Amended Complaint Fails To Allege The Necessary Elements
    Of The State Law Fraud Claims (Counts III-VII)..............................17

        1.    The Amended Complaint Fails To State
        Fraud-Based Claims Against Jaffa
        Under South Dakota Law (Counts III and VI) ........................18

**Table of Contents**
**(continued)**

**Page**

2. The Amended Complaint Fails To Allege The Necessary Elements Of The Kansas Consumer Protection Act Claim (Count IV) ........................... 21

3. The Amended Complaint Fails To Allege The Necessary Elements Of The Nebraska Consumer Protection Act Claim (Count V) ............................. 23

4. The Amended Complaint Fails To Allege The Necessary Elements Of Arkansas' Deceptive Trade Practices Act Claim (Count VII) ................. 25

C. The Amended Complaint Fails To Allege The Necessary Elements Of The Breach Of Fiduciary Duty Claim (Count VIII) ...................... 27

D. The Amended Complaint Fails To Allege The Necessary Elements Of The Negligence Claim (Count IX) ................................................ 28

E. The Amended Complaint Fails To Allege The Necessary Elements Of The Conversion Claim (Count X) ................................................ 29

CONCLUSION ........................................................................................ 30

## <u>Table of Authorities</u>

<u>**Page(s)**</u>

<u>**Cases**</u>

*Apprentice Information Systems, Inc. v. DataScout, LLC,*
  544 S.W.3d 536 (Ark. 2018). ..........................................................................25

*Armstrong v. Bromley Quarry & Asphalt, Inc.,*
  305 Kan. 16, 378 P.3d 1090 (2016).................................................................29

*Arthur v. Microsoft Corp.,*
  267 Neb. 586, 676 N.W.2d 29 (Neb. 2004) ....................................................23

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009)......................................................... 4, 6, 7, 12, 16

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007)................................................................................4, 5

*Chem-Age Industries, Inc. v. Glover,*
  652 N.W.2d 756 (S.D. 2002)................................................................ 27, 29

*Connelly v. Lane Const. Corp.,*
  809 F.3d 780 (3d Cir. 2016) ...........................................................................6

*Craftmatic Sec. Litig. v. Kraftsow,*
  890 F.2d 628 (3d Cir. 1989) ................................................................ 10, 18

*Cross v. Western Waste Industries,*
  2015 Ark. App. 476, 469 S.W.3d 820 (Ark. App. 2015) .............................28

*Dahl v. Sittner,*
   474 N.W.2d 897 (S.D. 1991)........................................................................20

*DeFazio v. Leading Edge Recovery Sols., LLC,*
  No. 10-2945, 2010 WL 5146765 (D.N.J. Dec. 13, 2010) .............................6

*Desel v. City of Wood River,*
  259 Neb. 1040, 614 N.W.2d 313 (Neb. 2000) .............................................28

*Feingold v. Graff,*
  516 F. App'x 223 (3d Cir. 2013) ..................................................................10

**Table of Authorities**
**(continued)**

**Page(s)**

*Fieser v. Kansas Bd. of Healing Arts*,
   281 Kan. 268, 130 P.3d 555 (2006)..................................................................28

*Frederico v. Home Depot,*
   507 F.3d 188 (3d Cir. 2007))..........................................................................10

*H2O Plus, LLC v. Arch Personal Care Prods., L.P.*,
   2011 WL 2038775 (D.N.J. May 22, 2011).........................................................8

*Hatchell v. Wren*,
   363 Ark. 107, 211 S.W.3d 516 (2005) ............................................................29

*Hughes v. Panasonic Consumer Elec. Co.*,
   Civ. Action No. 10-846, 2011 WL 2976839 (D.N.J. July 21, 2011) ............12

*Imel v. Imel*,
   262 P.3d 698, 2011 WL 5390265 (Kan. App. 2011) ......................................27

*In re Aurora Cannabis, Inc., Securities Litigation*,
   Civil Action No. 19-20588 (JMV)(JBC) (D.N.J. July 6, 2021)................5, 10

*In re Burlington Coat Factory Securities Litig.*,
   114 F.3d 1410 (3d Cir.1997). ..........................................................................15

*In re Motor Fuel Temperature Sales Practices Litigation*,
   867 F.Supp.2d 1124 (D. Kan. 2012) ...............................................................21

*In re Rockefeller Ctr. Props., Inc. Sec. Litig.*,
   311 F.3d 198 (3d Cir. 2002) ............................................................................10

*Ingris v. Borough of Caldwell*,
   No. 14-855, 2015 WL 3613499 (D.N.J. June 9, 2015) .............................8, 12

*Japhet v. Francis E. Parker Mem'l Home, Inc.*,
   2014 WL 3809173,
   2014 U.S. Dist. LEXIS 105134 (D.N.J. July 31, 2014) ................................11

*Jarrett v. Panasonic Corp. of N.A.*,
   8 F. Supp. 3d 1074 (E.D. Ark. 2013) ..........................................................9, 26

**Table of Authorities**
**(continued)**

**Page(s)**

*Johnson v. Hayman & Assoc., Inc.*,
   867 N.W.2d 698 (S.D. 2015)..................................................................28

*Lighting Lube Inc. v. Witco Corp.,*
   4 F.3d 1153 (3d Cir.1993) .............................................................16

*Louisburg Bldg. & Dev. Co. v. Albright*,
   45 Kan. App. 2d 618 (Kan. 2012) ..................................................22

*M.F. v. ADT, Inc.*,
   357 F. Supp. 3d 1116 (D. Kan. 2018) ...........................................22

*Mayor & Council of Borough of Rockaway v. Klockner & Klockner*,
   811 F. Supp. 1039 (D.N.J.1993)....................................................15

*Merrick v. Thomas*,
   246 Neb. 658, 522 N.W.2d 402 (Neb. 1994) ................................28

*Moulton v. LG Elec. USA, Inc.*,
   Civ. Action No. 11-4073, 2012 WL 3598760 (D.N.J. Aug. 21, 2012).........12

*Munsif v. Cassel*,
   331 Fed. Appx. 954 (3d Cir. 2009)................................................14

*Nelson v. Lusterstone Surfacing Co.*,
   258 Neb. 678, 605 N.W.2d 136 (Neb. 2000) ................................24

*Northwestern Public Service v. Union Carbide Corp.*,
   236 F. Supp. 2d 966 (D.S.D. 2002) ........................................ 19, 20

*Nygaard v. Sioux Valley Hospitals & Health System*,
   731 N.W.2d 184 (S.D. 2007)..........................................................19

*Ordosgiotti v. Werner Enterprises, Inc.*,
   8:20-CV-421, 2021 WL 826504 (D. Neb. March 4, 2021).................... 24, 25

*Peterson v. Homesite Indemnity Co.*,
   287 Neb. 48, 840 N.W.2d 885 (2013) ...........................................29

*Phillips v. County of Allegheny,*
   515 F.3d 224 (3d Cir. 2008) ...........................................................6

**Table of Authorities**
**(continued)**

**Page(s)**

*Pietrangelo v. NUI Corp.*,
No. 04-3223, 2005 WL 1703200 (D.N.J. July 20, 2005) ...............................8

*Poling v. K. Hovnanian Enterprises*,
99 F. Supp. 2d 502 (D.N.J. 2000).................................... 9, 14, 15, 16

*McFadden Ranch, Inc. v. McFadden*,
19 Neb. App. 366, 807 N.W.2d 785 (Neb. App. 2011)................................27

*Reebles, Inc. v. Bank of America, N.A*,
29 Kan. App. 2d 205 (Kan. App. 2001) ........................................27

*Rezac Livestock Comm'n Co., Inc. v. Pinnacle Bank*,
255 F. Supp. 3d 1150 (D. Kan. 2017) ..........................................29

*S.P.R.L. v. Imrex Company, Inc.*,
473 U.S. 479 (1985)..........................................................14

*Santos v. SANYO Mfg. Corp.*,
Civil Action No. 12-11452, 2013 WL 1868268 (D.Mass. May 3, 2013) .....12

*Shaw v. Housing Auth. of Camden*,
No. 11-4291, 2012 WL 3283402 (D.N.J. Aug. 10, 2012)........................8, 12

*Sheeran v. Blyth Shipholding S.A.*, Civil No. 14-5482 (JBS/AMD),
2015 WL 9048979 (D.N.J. Dec. 16, 2015) ..................................... 7, 8, 9, 12

*Stene v. State Farm Mut. Auto. Ins. Co.,*
583 N.W.2d 399 (S.D.1998)..........................................................20

*Stormont-Vail Healthcare, Inc. v. Cutrer*,
39 Kan. App. 2d 1, 178 P.3d 35 (Kan. App. 2007) ........................................28

*U.S. ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*,
812 F.3d 294 (3d Cir. 2016) ..........................................................10

*White v. Volkswagen Group of America, Inc.*,
No. 2:11-cv-02243, 2013 WL 685298 (W.D. Ark. Feb. 25, 2013)...............26

*Williamson v. Williamson,*
2018 Ark App. 236, 548 S.W.3d 816 (Ark. App. 2018) ...............................27

# Table of Authorities
## (continued)

**Page(s)**

## Statutes and Rules

18 U.S.C. § 1961 ................................................................................................17

18 U.S.C. § 1962 ................................................................................................16

28 U.S.C. § 1927 ..................................................................................................4

Ark. Code Ann. § 4-88-101 ........................................................................ 27, 28

Ark. Code Ann. § 4-88-107 ...............................................................................28

Ark. Code Ann. § 4-88-108. ..............................................................................27

Fed. R. Civ. P. 9(b) ..................................................................................... 6, 11, 13

Fed. R. Civ. P. 12(b)(6) .......................................................................................3

Fed. R. Civ. P. 11 ................................................................................................3

K.S.A. 50-624 ...................................................................................................22

K.S.A. 50-626 ............................................................................................ 21, 22

K.S.A. 50-627 ............................................................................................ 21, 22

Neb. Rev. Stat. § 59-1601(2) ............................................................................26

Neb. Rev. Stat. § 59-1602-1609 .......................................................................25

SDCL § 37-24-6..................................................................................................21

Defendant Jack Jaffa ("Jaffa") respectfully submits this memorandum of law in support of his motion, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the Amended Complaint filed by Plaintiffs on October 21, 2020.[1]

## PRELIMINARY STATEMENT

The Amended Complaint should be dismissed for failure to state a claim for relief against Jaffa.  In sum, aside from an allegation that a third party once addressed a letter **to** Jaffa, the Amended Complaint does not contain **any** factual allegations about Jaffa, much less factual allegations that would support RICO, consumer fraud, fraudulent concealment or other common law claims against Jaffa.   Indeed, the Amended Complaint simply does not contain any factual allegations of any conduct **by** Jaffa.

The Amended Complaint alleges that Plaintiffs were employees of assorted nursing homes that deducted insurance premiums from their paychecks, but then supposedly failed to procure insurance to the employees' detriment.  Plaintiffs place the blame for this conduct squarely at the feet of Defendant Joseph Schwartz, who Plaintiffs allege "engaged in nationwide fraud, theft, and other illicit conduct . . . ."

---

[1]  The Amended Complaint is annexed as Exhibit 1 ("Ex. 1") to the Declaration of Jeffrey I. Wasserman In Support of Motion to Dismiss Amended Complaint, dated July 30, 2021 ("Wasserman Decl.").

Jaffa reserves the right, if necessary and appropriate, to assert defenses based on the respective statutes of limitation, but the Amended Complaint does not provide sufficient information for Jaffa to make those arguments at this time.

The Amended Complaint, however, does not -- because it cannot -- contain even one factual allegation that Jaffa participated in such alleged conduct in any way whatsoever. Rather, it is fairly obvious that Plaintiffs added Jaffa to the Amended Complaint, without any basis, to find a perceived "deep pocket" after the originally-named defendants all defaulted.

But Plaintiffs' desire for a perceived "deep pocket" is not a proper basis to add Jaffa to this case, particularly where they cannot make even one factual allegation about his conduct. The Amended Complaint thus falls so short of the required pleading standards that, frankly, it is hard to conceive how Plaintiffs believed it would pass muster under Rule 11 or 28 U.S.C. § 1927.

## SUMMARY OF PROCEDURAL BACKGROUND

On or about January 30, 2020, Plaintiffs commenced this putative class action against Joseph Schwartz; Rosie Schwartz; Skyline Health Care, LLC; Skyline Management Group, LLC; American Plan Administrators; Cornerstone Quality Care, LLC, Cottonwood Healthcare, LLC; and First Landing Information Services, LLC (collectively, the "Original Defendants"). [Doc No. 1] Plaintiffs did not name Jaffa as a defendant, and did not mention Jaffa in the Complaint.

Months later, during July 2020, Plaintiffs filed returns of service on the Original Defendants [Doc Nos. 6-11], except for American Plan Administrators and First Landing Information Services, LLC.

On August 11, 2020, Plaintiffs filed requests for default against the Original Defendants [Doc Nos. 13-17], except for American Plan Administrators and First Landing Information Services, LLC, which the Clerk entered on August 13, 2020. On October 27, 2020, the Court "so ordered" a stipulation of voluntary dismissal, without prejudice, as against Defendant American Plan Administrators. [Doc No. 23]

Meanwhile, on September 23, 2020, Plaintiffs filed a motion to amend the complaint to add Jaffa as a defendant. [Doc No. 18] The docket does not indicate that Jaffa received any notice of the motion to file an amended complaint. The Court granted the motion on October 14, 2020 [Doc No. 20], and Plaintiffs filed the Amended Complaint on October 21, 2020. [Doc No. 21]. Aside from adding Jaffa, the Amended Complaint contains minimal other changes. Plaintiffs eventually purported to serve Jaffa with the Amended Complaint. [Doc No. 28]

This motion ensued.

## ARGUMENT

### POINT I

### THE AMENDED COMPLAINT DOES NOT CONTAIN ANY FACTUAL ALLEGATIONS THAT PLAUSIBLY COULD STATE A CLAIM FOR RELIEF AGAINST DEFENDANT JACK JAFFA

The Amended Complaint contains only one factual allegation about Jaffa -- specifically, that a third party addressed a letter to him. That is it. As such, the

Amended Complaint necessarily fails to state any plausible claims for relief against Jaffa under the *Iqbal*/*Twombly* standard. *A fortiori*, the Amended Complaint fails to meet the heightened pleading standard of Rule 9(b) to state any of its fraud-based claims for relief.

These inexorable conclusions are apparent on the face of the Amended Complaint, without even addressing the claims on an element-by-element basis. Simply stated, the only factual allegation in the Amended Complaint about Jaffa -- that American Plan Administrators addressed a letter, dated March 29, 2020, to him -- is not sufficient to allege any claim for relief against Jaffa whatsoever.

**A.     The Amended Complaint Contains
Only One Even Arguably Relevant Factual Allegation About Jaffa**

Aside from adding Jaffa to the caption, the Amended Complaint refers specifically to Jaffa in only four paragraphs, only two of which (paragraphs 18 and 47) actually contain factual allegations about Jaffa:

> 18.     Defendant JACK JAFFA (collectively with other above-named defendants   "Defendants") is an individual with a principal place of business located at 147 Prince St, Brooklyn, NY 11201 and regularly conducted business in this District.

> 47.     Shortly after retaining American Plan Administrators to administer the health and dental insurance plans for Skyline employees, Defendants simply stopped funding the plan.  In a March 29, 2020 termination letter to Defendants Joseph Schwartz and Jack Jaffa, American Plan Administrators wrote, "Unfortunately you have not been paying your claims in a timely manner and we had several meetings at which you made us numerous promises that you will fund your claims timely.  To

4

date you have not kept up to these promises and we now have substantial outstanding balances.  We are getting hammered from providers and members about open claims that have not been paid."

The Amended Complaint otherwise contains only two conclusory assertions specifically about Jaffa,[2] while also impermissibly "grouping" Jaffa with the other defendants -- under the "Defendants" moniker -- without any explanation whatsoever.

**B.    The Amended Complaint Does Not Allege Sufficient Facts To State A Claim For Relief That Is Plausible On Its Face**

The Amended Complaint plainly fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  Three weeks ago, on July 6, 2021, this Court issued a decision in *In re Aurora Cannabis, Inc., Securities Litigation*, Civil Action No. 19-20588 (JMV)(JBC) (D.N.J. July 6, 2021) (Wasserman Decl., Ex. 2), which concisely summarizes the applicable standard for dismissal under Rule 12(b)(6):

> To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  A complaint is plausible on its face when there is

---

[2] Paragraph 4 of the Amended Complaint contains the following conclusory allegation:  "In furtherance of this scam, Joseph Schwartz conspired with Defendant Jack Jaffa to funnel the nursing home employees' health insurance premiums into their own pockets, leaving these employees with no health or dental coverage." Similarly, paragraph 48 of the Amended Complaint states, "In other words, Defendants Joseph Schwartz and Jack Jaffa conspired to withhold class members health insurance premiums for personal gain."

enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.,* 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, a district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. County of Allegheny,* 515 F.3d 224, 231 (3d Cir. 2008). A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey,* 481 F.3d 187, 211 (3d Cir. 2007).

If, after viewing the allegations in the complaint most favorable to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss the complaint for failure to state a claim. *DeFazio v. Leading Edge Recovery Sols., LLC,* No. 10-2945, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010).

The only even arguably-relevant, ***factual*** allegation in the Amended Complaint is found in paragraph 47 of the Amended Complaint.[3] That paragraph alleges merely that a third party, American Plan Administrators, addressed a letter,

---

[3] Paragraph 18 of the Amended Complaint -- which for some reason purports to allege the principal place of business of an individual, Jaffa -- is irrelevant to whether Plaintiffs are able to assert any substantive claims against Jaffa that are plausible on the face of the Amended Complaint.

6

dated March 29, 2020, to Joseph Schwartz and Jack Jaffa.  Even without studying the elements of the precise claims for relief (which are addressed in Point II, *infra*), the Court should dismiss the Amended Complaint against Jaffa because the alleged fact that a third party addressed a letter to Jaffa -- with no other factual allegations whatsoever -- cannot plausibly state any claim for relief against Jaffa under any theory whatsoever. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (complaint plausible on face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Plaintiffs presumably will argue that the lack of factual allegations about Jaffa is excused because they include him within the term "Defendants."  But such "group" pleading does not provide cover for, or otherwise remedy, Plaintiffs' failure to make factual allegations about Jaffa.  In *Sheeran v. Blyth Shipholding S.A.*, Civil No. 14-5482 (JBS/AMD), 2015 WL 9048979 (D.N.J. Dec. 16, 2015), for example, the court explains the deficient nature of such "group" pleading:

> Plaintiffs' Complaint fails to separate out the liability for each defendant. Instead, it lumps Defendants together as a group and asserts general common factual allegations against all of them. Count One, for example, contains 24 different allegations of negligence that vary widely, from violation of OSHA regulations to failure to provide a safe work place to failure to properly train employees to failure to supervise to negligent hiring. Rather than specify which Defendants were responsible for which duties, the Complaint merely states that all Defendants were negligent in the enumerated ways. Without any additional guidance as to the Defendants themselves and what functions they performed, it is

impossible to untangle Plaintiffs' specific theory of liability against each individual Defendant.

The Court continued:

> Courts in this district generally agree that this type of "group pleading" does not satisfy Rule 8, because it does not place Defendants on notice of the claims against each of them. *See*, *e.g.*, *Ingris v. Borough of Caldwell*, No. 14-855, 2015 WL 3613499, at *5 (D.N.J. June 9, 2015) ("[T]o the extent Plaintiff seeks to lump several defendants together without setting forth what each particular defendant is alleged to have done, he has engaged in impermissibly vague group pleading."); *Shaw v. Housing Auth. of Camden*, No. 11-4291, 2012 WL 3283402, at *2 (D.N.J. Aug. 10, 2012) (dismissing complaint because it failed to contain allegations showing how each defendant was liable and noting that "[e]ven under the most liberal notice pleading requirements of Rule 8(a), a plaintiff must differentiate between defendants." (citing *Pietrangelo v. NUI Corp.*, No. 04-3223, 2005 WL 1703200 (D.N.J. July 20, 2005))); *see also H2O Plus, LLC v. Arch Personal Care Prods., L.P.*, 2011 WL 2038775, at *2 (D.N.J. May 22, 2011) (holding that complaint did not violate Rule 8 because while plaintiff "did lump the Arch Defendants together in the description of facts, looking to the Complaint and the attached exhibits as a whole clearly shows which claims are made against Arch PCP and which against Arch Chemicals.").

Thus, the *Sheeran* court found that "lumping all defendants together for different misconduct fails to demonstrate each defendant's individual liability. Without pleading how, if at all, [Defendant] was involved with the alleged conduct at issue, the Complaint lacks sufficient facts to draw a reasonable inference that [Defendant] is actually responsible for any the negligence alleged." *Id*. The same

is true here, too, where "it is impossible to untangle Plaintiffs' specific theory of liability against each individual Defendant." *Id.*

Indeed, as in *Sheeran*, because the Amended Complaint does not plead "how, if at all, [Jaffa] was involved with the alleged conduct at issue, the Complaint lacks sufficient facts to draw a reasonable inference that [Jaffa] is actually responsible for any of the negligence alleged." *Id.*

## C. The Amended Complaint Fails To Meet The Heightened Pleading Standard In Rule 9(B) To State Viable Fraud Claims

Pursuant to Rule 9(b), when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Here, the first seven Counts of the Amended Complaint -- two for RICO (Counts I and II),[4] four for violation of state consumer fraud laws (Counts III, IV, V and VII),[5]

---

[4] Where, as in the instant case (*see* Amended Complaint, ¶ 85), "plaintiffs allege mail and wire fraud as the basis of a RICO violation, the allegations of fraud must comport with the Fed.R.Civ.P. 9(b) heightened pleading standard." *Poling v. K. Hovnanian Enterprises*, 99 F. Supp. 2d 502, 507-509 (D.N.J. 2000)

[5] Plaintiffs' claims under the state consumer protection and deceptive trade practice laws must meet the particularity requirements of Rule 9(b). *See, e.g., M.F. v. ADT, Inc.*, 357 F. Supp. 3d 1116, 1137 (D. Kan. 2018) (dismissing **Kansas** Consumer Protection Act, K.S.A. 50-626, *et seq.*, claim on motion to dismiss and holding that Rule 9(b) applied to allegations and that to survive a motion to dismiss such allegations "must set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof."); *Jarrett v. Panasonic Corp. of N.A.*, 8 F. Supp. 3d 1074, 1084-1085 (E.D. Ark. 2013) (finding Rule 9(b) pleading standard applies with equal force to the **Arkansas** Deceptive Trade Practices Act, A.C.A. §4-88-107, *et seq.*, as to common law fraud claims); *Perez v. Volkswagen Group of Am., Inc.*, No. 2:12-cv-02289, 2013 WL 1661434, *8 (W.D. Ark. April 17, 2013); *Ace Tree Surgery, Inc. v. Terex Corp.*, Civ.

and one for fraudulent concealment (Count VI) -- purport to assert fraud-based claims.

This Court also succinctly addressed the Rule 9(b) standard in *Aurora Cannabis*, *supra* (Wasserman Decl., Ex. 2):

> "Independent of the standard applicable to Rule 12(b)(6) motions, Rule 9(b) imposes a heightened pleading requirement of factual particularity with respect to allegations of fraud." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.,* 311 F.3d 198, 216 (3d Cir. 2002). Thus, pursuant to Rule 9(b), when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake . . . [m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).   A party alleging fraud must therefore support its allegations with factual details such as "the who, what, when, where and how of the events at issue." *U.S. ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC,* 812 F.3d 294, 307 (3d Cir. 2016).   Accordingly, "[t]o satisfy the particularity standard, 'the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation.'" *Feingold v. Graff,* 516 F. App'x 223, 226 (3d Cir. 2013) (citing *Frederico v. Home Depot,* 507 F.3d 188, 200 (3d Cir. 2007)).   This heightened pleading standard is designed to "ensure that defendants are placed on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of fraud." *Craftmatic Sec. Litig. v. Kraftsow,* 890 F.2d 628, 645 (3d Cir. 1989) (internal quotation marks omitted).

---

Action No. 1:16-CV-00775-SCJ, 2017 WL 1836307, *3 (N.D. Ga. Feb. 21, 2017) (holding that Rule 9(b)'s heightened pleading requirement applied to the **South Dakota** Deceptive Trade Practices and Consumer Protection, SDCL § 37-24-31, claim); *In re ConAgra Foods Inc.*, 908 F. Supp. 2d 1090 (C.D. Cal. 2012) (analyzing the plaintiffs' **Nebraska** Consumer Protection Act, Neb. Rev. Stat. Ann. § 59-1601, *et seq*., claim under the Rule 9(b) pleading standard).

As noted, the lone factual allegation in the Amended Complaint -- namely, that a third party addressed a letter to Jaffa -- simply does not allege any misrepresentations by Jaffa, much less the details of any alleged misrepresentations, nor any supposed reliance by Plaintiffs on any such misrepresentations.  In sum, the Amended Complaint simply does not identify the ***who, what, where, when, and how*** necessary to allege a fraud-based claim for relief against Jaffa.

To be clear, Plaintiffs must allege that ***each*** defendant, including Jaffa, violated these state consumer protection statutes or otherwise committed fraudulent acts through specific allegations relating to the "who, what, when, where and how" of such allegedly deceptive conduct.  By contrast, "[a]lleging that 'Defendants' undertook certain illegal acts -- without more -- injects an inherently speculative nature into the pleadings, forcing both the Defendants and the Court to guess who did what to whom when. Such speculation is anathema to contemporary pleading standards." *Japhet v. Francis E. Parker Mem'l Home, Inc.*, 2014 WL 3809173, at *2, 2014 U.S. Dist. LEXIS 105134, at *7 (D.N.J. July 31, 2014).

Here, the Amended Complaint does not allege that Jaffa, either alone or together with any of the other defendants, engaged in any fraudulent, deceptive, or unconscionable conduct whatsoever.  Indeed, the Amended Complaint lacks factual allegations of any conduct by Jaffa, relying instead on impermissibly grouped allegations as well as one allegation that Jaffa's name appeared on a single piece of

mail. *See* Amended Complaint, ¶ 47. *See Sheeran v. Blyth Shipholding S.A.*, 2015 WL 9048979, at *3, 2015 U.S. Dist. LEXIS 168019, at *8 (D.N.J. Dec. 16, 2015) (citing *Ingris v. Borough of Caldwell*, 2015 WL 3613499, at *5 (D.N.J. June 9, 2015) ("[T]o the extent Plaintiff seeks to lump several defendants together without setting forth what each particular defendant is alleged to have done, he has engaged in impermissibly vague group pleading."); *Shaw v. Hous. Auth. of Camden*, 2012 WL 3283402, at *2 (D.N.J. Aug. 10, 2012) (dismissing complaint because it failed to contain allegations showing how each defendant was liable and noting that "[e]ven under the most liberal notice pleading requirements of Rule 8(a), a plaintiff must differentiate between defendants.")).

Plaintiffs' threadbare and conclusory allegations concerning Jaffa simply are insufficient as a matter of law. *See Hughes v. Panasonic Consumer Elec. Co*., Civ. Action No. 10-846, 2011 WL 2976839, *14-15 (D.N.J. July 21, 2011) (finding that conclusory allegations of knowledge and failure to disclose did not satisfy Rule 9(b)'s heightened pleading standard under *Iqbal*); *Moulton v. LG Elec. USA, Inc*., Civ. Action No. 11-4073, 2012 WL 3598760, *3 (D.N.J. Aug. 21, 2012) (finding that the plaintiff failed to meet Rule 9(b)'s requirements where [he] did not plead dates, times or places of the alleged fraud and did not plead the circumstances surrounding the alleged concealment); *see also Santos v. SANYO Mfg. Corp.,* Civ. Action No. 12-11452, 2013 WL 1868268, *6 (D.Mass. May 3, 2013) (plaintiff did

not satisfy Rule 9(b) where he failed to allege specific facts that made it reasonable to believe that defendant knew that a statement or omission was materially false or misleading).

The Court therefore need not delve into the specific elements of the fraud-based claims because it is beyond dispute that the one factual allegation about Jaffa -- in paragraph 47 of the Amended Complaint -- does not satisfy the heightened pleading standard embodied in Rule 9(b).

Accordingly, for the foregoing reasons, the Court can dismiss the Amended Complaint without any further analysis of the specific elements of each claim for relief.

## POINT II

### AS AGAINST JAFFA, THE AMENDED COMPLAINT DOES NOT ALLEGE ANY OF THE ELEMENTS OF ANY OF THE CLAIMS

As set forth in Point I, *supra*, the Amended Complaint is so factually deficient as pertains to Jaffa that it does not possibly allege the elements of the purported claims asserted against him.  Nonetheless, for completeness, Jaffa addresses the respective claims.

13

**A.     The Amended Complaint Fails To Allege The Necessary Elements
Of The RICO Claims (Counts I and II)**

The Amended Complaint purports to assert a claim for violation of the RICO

statute, 18 U.S.C. § 1962 (Count I), and a claim for conspiracy to violate the RICO

statute (Count II).  Both claims fail as a matter of law.

18 U.S.C. § 1962(c) provides that: "[i]t shall be unlawful for any person

employed by or associated with any enterprise engaged in, or the activities of which

affect, interstate or foreign commerce, to conduct or participate, directly or

indirectly, in the conduct of such enterprise's affairs through a pattern racketeering

activity or collection of unlawful debt."  18 U.S.C. § 1962(d) makes it unlawful for

any person to conspire to violate 18 U.S.C. § 1962(a), (b) or (c).

"In order to survive the defendants' motions to dismiss the RICO claim,

plaintiffs' complaint must adequately set forth the following elements of civil RICO:

(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."

*Poling v. K. Hovnanian Enterprises*, 99 F. Supp. 2d 502, 507-509 (D.N.J. 2000)

(citing *Sedima, S.P.R.L. v. Imrex Company, Inc.*, 473 U.S. 479, 496 (1985)).

"Additionally, plaintiffs must allege that they have been injured in their business or

property as a result of the alleged racketeering activity."  *Id*.  A "pattern" of

racketeering activity, moreover, requires at least two of the predicate acts of

racketeering listed in 18 U.S.C. § 1961.  *Id*.; *see also Munsif v. Cassel*, 331 Fed.

Appx. 954, 958 (3d Cir. 2009) (affirming district court dismissal of RICO claims on motion to dismiss).

Here, the supposed predicate acts are mail and wire fraud (Amended Complaint, ¶ 85), thus requiring the Amended Complaint to meet the heightened pleading standard of Rule 9(b), to "plead with particularity the 'circumstances' of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." *Poling*, 99 F. Supp. 2d at 507-509 (citations omitted). "Vague or conclusory allegations of fraud will not survive a motion to dismiss." *Id.* (citing *In re Burlington Coat Factory Securities Litig.*, 114 F.3d 1410, 1418 (3d Cir. 1997)).

And, as noted above, "allegations that generally allege fraud as against multiple defendants, without informing each defendant as to the specific fraudulent acts he or she is alleged to have committed do not satisfy Rule 9(b)." *Id.* (citing *Mayor & Council of Borough of Rockaway v. Klockner & Klockner*, 811 F. Supp. 1039, 1060 (D.N.J. 1993)).

Here, of course, the Amended Complaint alleges nothing more than Jaffa was an addressee on a single piece of mail. A third-party addressing a letter to Jaffa, however, certainly does not constitute (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. Further, the Amended Complaint does not even

include Jaffa within its own self-serving definition of the supposed "enterprise." Paragraph 19 of the Amended Complaint specifically defines the supposed "enterprise" as follows:   "The 'Skyline Enterprise' is comprised of several corporations, partnerships and limited liability entities that Joseph and/or Rosie Schwartz own, manage and control."   Jaffa, of course, does not fall within that definition, which provides yet another basis for dismissing the RICO claims against him.

The Amended Complaint obviously does not meet the heightened pleading standard for a RICO claim -- which is known in any event as one of the harder types of claims to adequately allege -- and thus, as in *Poling*, the complaint in the instant action "represents precisely what the heightened pleading requirement is meant to protect against -- 'spurious charges of immoral and fraudulent behavior.'"   *Id*. (citation omitted).

Of course, "where a substantive RICO claim fails, a claim alleging a conspiracy to violate RICO must also fail."   *Lighting Lube Inc. v. Witco Corp.,* 4 F.3d 1153, 1191 (3d Cir.1993) (dismissing conspiracy claim because substantive claims of violation of RICO were dismissed).   Further, Plaintiffs have not alleged sufficient facts to demonstrate that there was a conspiracy, and that each defendant -- including Jaffa -- agreed to participate in a conspiracy.

16

Plaintiffs' failure to meet the heightened pleading standards of Rule 9(b) requires dismissal of their RICO claims against Jaffa.

**B.    The Amended Complaint Fails To Allege The Necessary Elements Of The State Law Fraud Claims (Counts III - VII)**

The Amended Complaint purports to assert fraud-based claims against Jaffa under the laws of South Dakota, Kansas, Nebraska and Arkansas.  But, of course, because the Amended Complaint fails to meet even the lesser *Iqbal* plausibility standard, the sole factual allegation in the Amended Complaint -- that Jaffa was the addressee on a letter -- necessarily comes nowhere near meeting the heightened pleading requirements of Rule 9(b).

The Amended Complaint is devoid of any allegations of deceptive or unconscionable acts (or of ***any act*** for that matter) by Jaffa.  Plaintiffs have failed to connect Jaffa to any allegedly fraudulent activity relating to the insurance premiums they allegedly paid to their employer-nursing home facility.  In fact, the Amended Complaint fails even to describe Jaffa's role (if any) at the nursing home facilities, and does not allege that Jaffa was involved in any way with procuring insurance for any employee of any nursing home.  Nor is there any factual allegation that Jaffa received or controlled the disposition of any insurance premiums.  The required fraud-based averments simply are not present.

Rather, the Amended Complaint includes only conclusory allegations regarding Defendants as a group "pocketing insurance premiums."  But such

allegations fall far short of meeting the Rule 9(b) pleading standard, especially as pertains to Jaffa, with respect to whom there are no allegations that he did anything at all, much less engaged in any wrongdoing to "pocket" insurance premiums. Merely lumping Jaffa together with other Defendants -- without even any factual allegations to explain why he is lumped together with them -- falls far short of ensuring that Jaffa is "placed on notice of the precise misconduct with [he is] charged, and to safeguard defendants against spurious charges of fraud." *Craftmatic Sec. Litig. v. Kraftsow,* 890 F.2d 628, 645 (3d Cir. 1989). Accordingly, the "who, what, when, where, how" allegations required to plead these fraud-based claims are simply missing as to Jaffa, and the allegations in the Amended Complaint that lump together "Defendants" do not remedy this deficiency.

### 1.    The Amended Complaint Fails To State Fraud-Based Claims Against Jaffa Under South Dakota Law (Counts III and VI)

The Amended Complaint purports to assert fraud-based claims for violation of the South Dakota law -- specifically, the Deceptive Trade Practices and Consumer Protection ("DTPCP") (*see* Amended Complaint, Count III) and fraudulent concealment (*see* Amended Complaint, Count VI).

To assert a cause of action against Jaffa under the DTPCP, Plaintiffs must allege that they have been adversely affected by any act or practice declared to be deceptive under SDCL § 37-24-6, and suffered actual damages as a result of the act or practice. *See* SDCL § 37-24-31. Under SDCL § 37-24-6, it is a deceptive act or

practice to "[k]nowingly and intentionally act, use or employ any deceptive act or practice, fraud, false pretense, false promises or misrepresentation or to conceal, suppress, or omit any material fact in connection with the sale or advertisement of any merchandise, regardless of whether any person has in fact been mislead, deceived or damaged thereby." SDCL § 37-24-6.

The Amended Complaint, however, does not contain any factual allegations that Plaintiffs damages arise "in connection with the sale or advertisement of any merchandise" as required by the DTPCP. Nor does the Amended Complaint allege that Jaffa engaged in an act specifically defined in § 37-24-6 -- *i.e.,* deceptive practices, fraud, false pretenses, false promises, or misrepresentations to conceal, suppress, or omit material facts. *See Northwestern Public Service v. Union Carbide Corp.*, 236 F. Supp. 2d 966, 973-74 (D. S.D. 2002) (under South Dakota's DTPCP statute requires proof of intentional misrepresentation or concealment of fact on which plaintiff relied and that caused injury to plaintiff); *Nygaard v. Sioux Valley Hospitals & Health System*, 731 N.W.2d 184 (S.D. 2007) (affirming dismissal of DTPCP claim on motion to dismiss for failure to state a claim for failure to allege deceptive practices, fraud, false pretenses, false promises or misrepresentations").

Plaintiffs generally allege that they were deceived by "Defendants' deceptive pocketing of their insurance premiums" and relied on their detriment on "defendants' deceptive statement that they were procuring insurance." *See*

Amended Complaint, ¶¶ 98-99.  As previously demonstrated, such group pleading allegations are wholly insufficient to state a claim.  Plaintiffs do not allege that Jaffa specifically obtained any insurance premiums from Plaintiffs.  Plaintiffs do not allege a single deceptive statement made by Jaffa relating to insurance or otherwise.  Plaintiffs' sweeping conclusory accusations against "Defendants" do not provide particular information as to statements, courses of conduct or persons involved and, as such, are legally deficient to support their purported fraud-based claims under South Dakota law.

Plaintiffs' common law fraud claim likewise fails.  "Under South Dakota law, the essential elements of fraud are: (1) a representation made as a statement of fact; (2) which was untrue and known to be untrue by the party making it, or else recklessly made; (3) which was made with intent to deceive and for the purpose of inducing the other party to act upon it; (4) which was actually relied upon by the other party; and (5) which thereby induced the other party to act to its injury or damage."  *Northwestern Public Service v. Union Carbide Corp.*, 236 F. Supp. 2d 966, 972 (D. S.D. 2002) (citing *Stene v. State Farm Mut. Auto. Ins. Co.,* 583 N.W.2d 399, 404 (S.D.1998) (quoting *Dahl v. Sittner,* 474 N.W.2d 897, 900 (S.D. 1991)).

In support of their fraudulent concealment claim, Plaintiffs assert that Defendants "falsely promis[ed] to procure health and dental insurance" (Amended Complaint, ¶ 116), but again fail to make any allegation that Jaffa made any such

promises, let alone how such promise was relayed, when and to whom. Again, there is no explanation in the Amended Complaint as to Jaffa's position, role or connection to any events described, other than that his name appeared on a piece of mail. Plaintiffs have fallen far short of the requirement to plead *a representation* made by Jaffa as a *statement of fact* which was *untrue and known to be untrue* by him, made with the *intent to deceive* and *relied upon* by Plaintiffs to their *damage*. Thus, the South Dakota fraud claims must be dismissed for failure to state a claim.

### 2.    The Amended Complaint Fails To Allege The Necessary Elements Of The Kansas Consumer Protection Act Claim (Count IV)

The Amended Complaint purports to allege a claim under the Kansas Consumer Protection Act ("KCPA"). *See* Amended Complaint, Count IV. Pursuant to the KCPA, no "supplier" shall willfully conceal, suppress, omit, or fail to state a material fact in connection with a consumer transaction (K.S.A. 50-626) and no supplier shall engage in any unconscionable act or practice in connection with a consumer transaction (K.S.A. 50-627). To prevail on a claim under the KCPA, Plaintiffs must show that (1) plaintiffs were consumers under the KCPA, (2) defendants were suppliers under the KCPA, (3) defendants committed unconscionable acts or practices or that defendants willfully failed to state a material fact, or willfully concealed a material fact, and (4) plaintiffs and class members were aggrieved by defendants' unconscionable acts and/or practices or by defendants'

willful failure to disclose. *See In re Motor Fuel Temperature Sales Practices Litigation*, 867 F.Supp.2d 1124, 1138-1141 (D. Kan. 2012).

Plaintiffs, however, were not consumers (they were alleged employees), and the Amended Complaint does not allege that Jaffa somehow was a "supplier" -- *i.e.*, "a manufacturer, distributor, dealer, seller, lessor, assignor, or other person who, in the ordinary course of business, solicits, engages in or enforces consumer transactions, whether or not dealing directly with the consumer."  K.S.A. 50-624. Plaintiffs have wholly failed to allege (and could never prove even if they did allege) that Jaffa was a "supplier" as required to plead a valid KCPA claim.

Beyond failing to allege that Jaffa was a "supplier" under the KCPA, the Amended Complaint does not allege any facts from which it can be inferred that Jaffa committed an "unconscionable act or practice" or willfully failed to state a material fact. *See* K.S.A. 50-626; 50-627. *See also Louisburg Bldg. & Dev. Co. v. Albright*, 45 Kan. App. 2d 618, 649 (Kan. 2012) (there must be some evidence of both deceptive behavior and unequal power between the parties to prove a violation of the KCPA's prohibition on unconscionable conduct).  To the contrary, Plaintiffs have pleaded only sweeping generalizations untethered to any factual predicate that could constitute prohibited conduct by Jaffa.

Plaintiffs likewise fail to allege the causation element, as there are no factual allegations that Jaffa made any representations about insurance premiums or

insurance coverage to Plaintiffs (or the purported class) and, thus, the Amended Complaint does not allege any damages that could have arisen *as a result* of such representations.  *See M.F. v. ADT, Inc.*, 357 F. Supp. 3d 1116, 1137 (D. Kan. 2018) (dismissing KCPA claim on motion to dismiss where plaintiffs failed to properly plead that they were aggrieved *as a result* of the defendant's violation).

The Amended Complaint fails to plead the elements of a claim for relief under the KCPA.  Accordingly, the Court should dismiss Plaintiffs' KCPA claims.

### 3.    The Amended Complaint Fails To Allege The Necessary Elements Of The Nebraska Consumer Protection Act Claim (Count V)

The Nebraska Consumer Protection Act ("CPA")[6] proscribes "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce" and allows injured individuals a private right of action.  Neb. Rev. Stat. Ann §§ 59-1602-1609.  It defines "[t]rade and commerce" to mean "the sale of assets or services and any commerce directly or indirectly affecting the people of the State of Nebraska."  Neb. Rev. Stat. § 59-1601(2).  "The purpose of the Act is to provide consumers with protection against unlawful practices in the conduct of any trade or commerce which directly or indirectly affects the people of Nebraska"

---

[6] It is unclear from the Amended Complaint if in fact Plaintiffs are alleging a violation of the Nebraska Consumer Protection Act as Count V is entitled "Violation of the ***Kansas*** Consumer Protection Law Brought by the Nebraska Subclass" (emphasis added).  However, in order to address all potentially asserted claims, Jaffa responds under the assumption that Plaintiffs intended for Count V to invoke the Nebraska CPA.

and "was intended to be an antitrust measure to protect Nebraska consumers from monopolies and price-fixing conspiracies." *Arthur v. Microsoft Corp.*, 267 Neb. 586, 676 N.W.2d 29, 37 (Neb. 2004). On its face, it is not at all clear why the CPA would apply to the employer/employee relationship type alleged here.

In any event, to state a valid claim under the CPA, "the unfair or deceptive act or practice must have an impact upon the ***public interest***." *Nelson v. Lusterstone Surfacing Co.*, 258 Neb. 678, 605 N.W.2d 136, 142 (Neb. 2000) (emphasis added). The CPA specifically states that any deceptive practices must "directly or indirectly affect[ ] the people of the State of Nebraska" in order to be prohibited. Neb. Rev. Stat. § 59-1601(2). The Nebraska Supreme Court has made clear that it interprets the public-interest requirement as "limiting language that cannot be ignored." *Ordosgiotti v. Werner Enterprises, Inc.*, 8:20-CV-421, 2021 WL 826504 (D. Neb. March 4, 2021) (quoting *Nelson v. Lusterstone Surfacing Co.*, 258 Neb. 678, 683, 605 N.W.2d 136, 141 (Neb. 2000)). In so construing the CPA, the Nebraska Supreme Court has acknowledged that the CPA is not meant to apply to private contracts or "unfair or deceptive act[s] or practice[s] that affect[ ] only [the] parties to [a] transaction." *Nelson*, 258 Neb. at 683, 605 N.W.2d at 141 (citation omitted). Based on this limiting language, the Court stated that to "apply the CPA to isolated transactions between individuals that do not have an impact on consumers at large . . . would be a misconstruction of the statute." *Id.* at 684, 605 N.W.2d at 142.

In *Ordosgoitti*, the court dismissed the CPA claim on a motion to dismiss and found that the complaint did not adequately allege a direct or indirect effect on the general public for purposes of the Act but, rather, was targeted at a certain group, *i.e.* long-haul truck drivers who contracted with a trucking company. The court in *Ordosgiotti* also found that bare assertions of deceit and confusion to members of the general public will not support the cause of action. *See Ordosgiotti*, 2021 WL 826504, at *7. Here, Plaintiffs do not allege any impact on the consumers of Nebraska at large. The claims at issue involve private transactions between an employer and its employees regarding their health care coverage and, thus, are not actionable under the CPA. Thus, because the claim under the Nebraska CPA does not meet Rule 9(b)'s pleading standard and because the claim does not involve the public at large, it must be dismissed.

### 4.   The Amended Complaint Fails To Allege The Necessary Elements Of Arkansas' Deceptive Trade Practices Act Claim (Count VII)

In Count VII, Plaintiffs assert that Jaffa violated the Arkansas Deceptive Trade Practices Act ("ADTPA"), A.C.A. §§ 4-88-107 and 4-88-108. Once again, Plaintiffs' failure to allege any conduct or representations by Jaffa is fatal to this state consumer fraud claim.

Under the ADTPA, the elements of a cause of action for engaging in unconscionable, false, or deceptive acts or practices in business, commerce, or trade are (1) a deceptive consumer-oriented act or practice which is misleading in a

material respect, and (2) injury resulting from such act. Ark. Code Ann. §§ 4-88-101; *Apprentice Information Systems, Inc. v. DataScout, LLC*, 544 S.W.3d 536, 539 (Ark. 2018). The ADTPA sets forth various conduct that is unlawful and prohibited, including, for example, making a false representation as to the characteristics, ingredients or benefits of goods; bait-and-switch advertising; and disparaging the goods or services of another by false representations of fact. Ark. Code Ann. § 4-88-107. The Amended Complaint pleads no such conduct as to Jaffa, and it is not apparent why the ADTPA would apply to the relationships in issue here in any event.

Whatever the gravamen of Plaintiffs' Amended Complaint may be, it clearly does not plead facts demonstrating Jaffa's knowledge and purposeful concealment of any alleged scheme. *See Jarrett v. Panasonic Corp. of N.A.*, 8 F. Supp. 3d 1074, 1084-1085 (E.D. Ark. 2013) (dismissing Arkansas Deceptive Trade Practices Act claim because the claim "did not plead facts demonstrating each defendant's respective knowledge and purposeful concealment of any alleged fact and who knew about them and when they occurred."); *see also White v. Volkswagen Group of America, Inc.,* No. 2:11-cv-02243, 2013 WL 685298, *7 (W.D. Ark. Feb. 25, 2013) ("at no point in the Amended Complaint does [plaintiff] specify what false representations were affirmatively made to her by Defendant, nor does she state that she relied on particular false representations *in making her decision to purchase her vehicle.* These facts are fatal to [plaintiff's] ADTPA claims.") (emphasis in original).

Plaintiffs plainly failed to plead factual allegations necessary to sustain claims for violations of ADTPA.

**C.  The Amended Complaint Fails To Allege The Necessary Elements Of The Breach Of Fiduciary Duty Claim (Count VIII)**

The elements of a breach of fiduciary duty claim essentially are the same across the various jurisdictions at issue.  To prove a breach of fiduciary duty, a plaintiff must prove (1) that a fiduciary relationship existed between plaintiff and defendant; (2) that defendant breached that duty; and (3) that defendant suffered damages as a result.  *See, e.g., Imel v. Imel*, 262 P.3d 698, 2011 WL 5390265, at *9 (Kan. App. 2011) (Kansas law); *Reebles, Inc. v. Bank of America, N.A*, 29 Kan. App. 2d 205 (Kan. App. 2001) ("A fiduciary relationship exists where there has been a special confidence reposed in one who, in equity and good conscience, is bound to act in good faith and with due regard to the interests of the one reposing the confidence.") (Kansas law); *McFadden Ranch, Inc. v. McFadden*, 19 Neb. App. 366, 807 N.W.2d 785 (Neb. App. 2011) (Nebraska law); *Chem-Age Industries, Inc. v. Glover*, 652 N.W.2d 756, 772 (S.D. 2002) (South Dakota law); *Williamson v. Williamson*, 2018 Ark App. 236, 548 S.W.3d 816, 825 (Ark. App. 2018) (Arkansas law).

As stated, the Amended Complaint wholly fails to allege Jaffa's connection to Plaintiffs, let alone contain factual allegations supporting the existence of any type of fiduciary relationship of trust and special confidence.  Because the Amended

27

Complaint does not even allege Jaffa's supposed role or position, the Amended Complaint does not permit any inference (whether reasonable or otherwise) that a fiduciary relationship existed among Jaffa and Plaintiffs.  The Amended Complaint therefore necessarily fails to state a claim for breach of fiduciary duty.

**D.    The Amended Complaint Fails To Allege The Necessary Elements Of The Negligence Claim (Count IX)**

The elements of a negligence claim also are virtually the same across the various jurisdictions: (1) the defendant owed a legal duty to the plaintiff; (2) the defendant breached that duty; (3) the plaintiff suffered an injury; and (4) the defendant's breach of legal duty directly caused the injury.  *See, e.g., Stormont-Vail Healthcare, Inc. v. Cutrer,* 39 Kan. App. 2d 1, 8, 178 P.3d 35 (Kan. App. 2007) (Kansas law); *Fieser v. Kansas Bd. of Healing Arts,* 281 Kan. 268, 272, 130 P.3d 555 (2006) (elements of negligence are [1] existence of duty, [2] act or omission in breach of duty) (Kansas law); *Johnson v. Hayman & Assoc., Inc.*, 867 N.W.2d 698, 702 (S.D. 2015) (South Dakota law); *Cross v. Western Waste Industries*, 2015 Ark. App. 476, 469 S.W.3d 820, 825 (Ark. App. 2015) (Arkansas law); *Desel v. City of Wood River*, 259 Neb. 1040, 614 N.W.2d 313, 318 (Neb. 2000) (Nebraska law); *Merrick v. Thomas*, 246 Neb. 658, 661, 522 N.W.2d 402 (Neb. 1994) (Nebraska law).

As with all the prior claims, the Amended Complaint does not contain any factual allegations showing that Jaffa owed Plaintiffs a legal duty, that Jaffa

28

breached such a duty, or that any supposed breach of any supposed duty caused Plaintiffs any damages.

**E.    The Amended Complaint Fails To Allege The Necessary Elements Of The Conversion Claim (Count X)**

The elements of a conversion claim likewise are substantially similar across the different states.  To establish liability for the tort of conversion, a plaintiff must prove that the defendant wrongfully committed a distinct act of dominion over the property of another, which is a denial of, or is inconsistent with, the owner's rights. *Hatchell v. Wren*, 363 Ark. 107, 116-17, 211 S.W.3d 516, 521 (2005) (Arkansas law).  *See also Rezac Livestock Comm'n Co., Inc. v. Pinnacle Bank*, 255 F. Supp. 3d 1150, 1172 (D. Kan. 2017) (quoting *Armstrong v. Bromley Quarry & Asphalt, Inc.*, 305 Kan. 16, 378 P.3d 1090, 1095 (2016) (In Kansas, "[c]onversion is the 'unauthorized assumption or exercise of the right of ownership over goods or personal chattels belonging to another to the exclusion of the other's rights.'"); *Peterson v. Homesite Indemnity Co.,* 287 Neb. 48, 840 N.W.2d 885 (2013) (In Nebraska, conversion is any unauthorized or wrongful act of dominion exerted over another's property which deprives the owner of his property permanently or for an indefinite period of time); *Chem-Age Indus., Inc. v. Glover,* 652 N.W.2d 756, 766 ("Conversion is the unauthorized exercise of control or dominion over personal property in a way that repudiates an owner's right in the property or in a manner inconsistent with such right.") (South Dakota law).

29

Here, again, the Amended Complaint does not contain any factual allegations that Jaffa exercised any dominion over Plaintiffs' property, much less that Jaffa acted in a way that would exclude the Plaintiffs' rights to that property. Further, conversion claims typically fail where Plaintiffs allege the conversion of money, unless such money is specifically identifiable, which Plaintiffs do not allege here.

* * *

In sum, the one factual allegation in the Amended Complaint -- that Jaffa was an addressee on a letter -- plainly is not sufficient to state a plausible cause of action against Jaffa under any theory. Accordingly, the Amended Complaint should be dismissed.

<h2 style="text-align:center"><u>CONCLUSION</u></h2>

For all of the foregoing reasons, Jaffa respectfully requests that his motion to dismiss the Amended Complaint be granted, as against him, and that the Court order such other and further relief as it deems appropriate.

Dated:  Bridgewater, New Jersey
     July 30, 2021

Respectfully submitted,

WASSERMAN LEGAL LLC

By: _____
     Jeffrey I. Wasserman
1200 Route 22 East
Suite 2000, # 2238
Bridgewater, New Jersey  08807
(973) 486-4801
jwasserman@wasslegal.com