Jeffrey I. Wasserman
WASSERMAN LEGAL LLC
1200 Route 22 East, Suite 2000, #2238
Bridgewater, New Jersey 08807
(973) 486-4801
*Attorneys for Defendant Jack Jaffa*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THERESA DANTE; TED HUSS; JULIET HINRICHS; SAMANTHA OGGS; MARGARET GATES, | 20-cv-01047 (JMV)(JBC) |
| Plaintiffs, | |
| v. | |
| JOSEPH SCHWARTZ; ROSIE SCHWARTZ; SKYLINE HEALTH CARE, LLC; SKYLINE MANAGEMENT GROUP, LLC; CORNERSTONE QUALITY CARE, LLC; COTTONWOOD HEALTHCARE, LLC; FIRST LANDING INFORMATION SERVICES, LLC; and JACK JAFFA a/k/a CHAVA JAFFA, | **DEFENDANT JACK JAFFA'S ANSWER, DEFENSES AND CROSS-CLAIMS** |
| Defendants. | JURY TRIAL DEMANDED |

Defendant Jack Jaffa ("Jaffa"), by his undersigned counsel, answers the Second Amended Complaint and asserts cross-claims as follows:

## PRELIMINARY STATEMENT

1.     Jaffa denies the allegations contained in paragraph 1 of the Second Amended Complaint.

2.     Jaffa denies the allegations contained in paragraph 2 of the Second Amended Complaint.

3.      Jaffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Second Amended Complaint.

4.      Jaffa denies the allegations contained in paragraph 4 of the Second Amended Complaint.

## JURISDICTION AND VENUE

5.      Jaffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Second Amended Complaint, and otherwise avers that they call for a legal conclusion to which no response is required.

6.      Jaffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Second Amended Complaint.

## THE PARTIES

7.      Jaffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Second Amended Complaint.

8.      Jaffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Second Amended Complaint.

9.      Jaffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Second Amended Complaint.

10.     Jaffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Second Amended Complaint.

11.     Jaffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Second Amended Complaint.

12.     Jaffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Second Amended Complaint.

13.     Jaffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Second Amended Complaint.

14.     Jaffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Second Amended Complaint.

15.     Jaffa denies the allegations contained in paragraph 15 of the Second Amended Complaint, but admits that he is the sole member of Cornerstone, that Cornerstone is a New Jersey limited liability company and that it maintained the address in Howell, New Jersey.

16.     Jaffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Second Amended Complaint.

17.     Jaffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Second Amended Complaint.

18.     Jaffa denies the allegations contained in paragraph 18 of the Second Amended Complaint, but admits that he is an individual and that he is the sole member of Cornerstone.

19.     Jaffa denies the allegations contained in paragraph 19 of the Second Amended Complaint.

## FACTS COMMON TO CLASS CERTIFICATIONS AND ALL COUNTS

20.     Jaffa denies the allegations contained in paragraph 20 of the Second Amended Complaint.

21.     Jaffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Second Amended Complaint.

22.     Jaffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Second Amended Complaint, but denies the allegations to the extent they pertain to Jaffa or Cornerstone.

23.     Jaffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Second Amended Complaint, but denies the allegations to the extent they pertain to Jaffa.

24.     Jaffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Second Amended Complaint, but denies the allegations to the extent they pertain to Jaffa.

25.     Jaffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Second Amended Complaint, but denies the allegations to the extent they pertain to Jaffa or Cornerstone.

26.     Jaffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Second Amended Complaint, but denies the allegations to the extent they pertain to Jaffa.

27.     Jaffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Second Amended Complaint, but denies the allegations to the extent they pertain to Jaffa.

28.     Jaffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Second Amended Complaint, but denies the allegations to the extent they pertain to Jaffa.

29.     Jaffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Second Amended Complaint, but denies the allegations to the extent they pertain to Jaffa.

30.     Jaffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Second Amended Complaint.

31.     Jaffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Second Amended Complaint.

32.     Jaffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Second Amended Complaint, but denies the allegations to the extent they pertain to Jaffa.

33.     Jaffa denies the allegations contained in paragraph 33 of the Second Amended Complaint.

34.     Jaffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Second Amended Complaint.

35.     Jaffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Second Amended Complaint.

36.     Jaffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Second Amended Complaint.

37.     Jaffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Second Amended Complaint.

38.     Jaffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Second Amended Complaint.

39.     Jaffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Second Amended Complaint.

40.     Jaffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Second Amended Complaint.

41.     Jaffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Second Amended Complaint.

42.     Jaffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Second Amended Complaint.

43.     Jaffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Second Amended Complaint, but denies the allegations to the extent they pertain to Jaffa.

44.     Jaffa denies the allegations contained in paragraph 44 of the Second Amended Complaint.

45.     Jaffa denies the allegations contained in paragraph 45 of the Second Amended Complaint, but admits that he formed Cornerstone, and respectfully refers the Court to the referenced 1095-C for its content, meaning and import.

46.     Jaffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Second Amended Complaint, but denies that Cornerstone "was a fiction, designed to allow Mr. Jaffa to directly siphon class members' premiums directly into his pocket."

47.     Jaffa denies the allegations contained in paragraph 47 of the Second Amended Complaint to the extent they can be understood, but admits that Cornerstone listed the Howell, New Jersey, address in government filings.

48.     Jaffa denies the allegations contained in paragraph 48 of the Second Amended Complaint.

49.     Jaffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Second Amended Complaint.

50.     Jaffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Second Amended Complaint, and respectfully refers the Court to the referenced document for its content, meaning and import.

51.     Jaffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Second Amended Complaint, and respectfully refers the Court to the referenced document for its content, meaning and import.

52.     Jaffa denies the allegations contained in paragraph 52 of the Second Amended Complaint.

53.     Jaffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Second Amended Complaint, and respectfully refers the Court to the referenced document for its content, meaning and import.

54.     Jaffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Second Amended Complaint, but denies the allegations to the extent they pertain to Jaffa.

## CLASS MEMBER ALLEGATIONS

55.     Jaffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Second Amended Complaint.

56.     Jaffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Second Amended Complaint.

57.     Jaffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Second Amended Complaint.

58.     Jaffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Second Amended Complaint.

59.    Jaffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Second Amended Complaint.

60.    Jaffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Second Amended Complaint.

61.    Jaffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Second Amended Complaint.

62.    Jaffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Second Amended Complaint.

63.    Jaffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Second Amended Complaint.

64.    Jaffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Second Amended Complaint.

65.    Jaffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Second Amended Complaint.

66.    Jaffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Second Amended Complaint.

67.    Jaffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Second Amended Complaint.

68.    Jaffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Second Amended Complaint.

## **CLASS ACTION ALLEGATIONS**

69.    Jaffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Second Amended Complaint, and otherwise avers that they call for a legal conclusion to which no response is required.

70.     Jaffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Second Amended Complaint, but denies the allegations to the extent they pertain to Jaffa.

71.     Jaffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the Second Amended Complaint, but denies that Jaffa engaged in any acts of wrongdoing, and otherwise avers that they call for a legal conclusion to which no response is required.

72.     Jaffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the Second Amended Complaint, but denies the allegations to the extent they pertain to Jaffa.

73.     Jaffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the Second Amended Complaint, but denies the allegations to the extent they pertain to Jaffa.

74.     Jaffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the Second Amended Complaint, but denies that Jaffa engaged in any acts of wrongdoing.

75.     Jaffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the Second Amended Complaint, but denies that Jaffa engaged in any acts of wrongdoing.

76.     Jaffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of the Second Amended Complaint.

77.     Jaffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the Second Amended Complaint.

78.     Jaffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of the Second Amended Complaint.

79.     Jaffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the Second Amended Complaint.

80.     Jaffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of the Second Amended Complaint.

81.     Jaffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 of the Second Amended Complaint.

## COUNT I

(Violation Of The Racketeer Influenced And Corrupt Organizations Act ("RICO"),
18 U.S.C. § 1962 Brought By The Class)

82.     Jaffa incorporates and repeats his responses to paragraphs 1 through 81 of the Second Amended Complaint.

83.     Jaffa denies the allegations contained in paragraph 83 of the Second Amended Complaint, and otherwise avers that they call for a legal conclusion to which no response is required.

84.     Jaffa denies the allegations contained in paragraph 84 of the Second Amended Complaint.

85.     Jaffa denies the allegations contained in paragraph 85 of the Second Amended Complaint.

86.     Jaffa denies the allegations contained in paragraph 86 of the Second Amended Complaint, and otherwise avers that they call for a legal conclusion to which no response is required.

87.     Jaffa denies the allegations contained in paragraph 87 of the Second Amended Complaint, and otherwise avers that they call for a legal conclusion to which no response is required.

88.     Jaffa denies the allegations contained in paragraph 88 of the Second Amended Complaint, and otherwise avers that they call for a legal conclusion to which no response is required.

89.     Jaffa denies the allegations contained in paragraph 89 of the Second Amended Complaint, and otherwise avers that they call for a legal conclusion to which no response is required.

90.     Jaffa denies the allegations contained in paragraph 90 of the Second Amended Complaint.

## COUNT II

(Conspiracy To Violate The Racketeer Influenced And Corrupt Organizations Act ("RICO"),
18 U.S.C. § 1962 Brought By The Class)

91.     Jaffa incorporates and repeats his responses to paragraphs 1 through 90 of the Second Amended Complaint.

92.     Jaffa denies the allegations contained in paragraph 92 of the Second Amended Complaint.

93.     Jaffa denies the allegations contained in paragraph 93 of the Second Amended Complaint.

94.     Jaffa denies the allegations contained in paragraph 94 of the Second Amended Complaint.

95.     Jaffa denies the allegations contained in paragraph 95 of the Second Amended Complaint.

## COUNT III

(Violation Of The South Dakota Consumer Protection Law
Brought By The South Dakota Subclass)

96.     Jaffa incorporates and repeats his responses to paragraphs 1 through 95 of the Second Amended Complaint.

97.     By Order filed on April 13, 2022, the Court dismissed this claim for relief against Jaffa.  Accordingly, no response is required.  Jaffa reserves the right to amend this response in the event that this claim for relief is reinstated.

98.     By Order filed on April 13, 2022, the Court dismissed this claim for relief against Jaffa.  Accordingly, no response is required.  Jaffa reserves the right to amend this response in the event that this claim for relief is reinstated.

99.     By Order filed on April 13, 2022, the Court dismissed this claim for relief against Jaffa.  Accordingly, no response is required.  Jaffa reserves the right to amend this response in the event that this claim for relief is reinstated.

100.    By Order filed on April 13, 2022, the Court dismissed this claim for relief against Jaffa.  Accordingly, no response is required.  Jaffa reserves the right to amend this response in the event that this claim for relief is reinstated.

101.    By Order filed on April 13, 2022, the Court dismissed this claim for relief against Jaffa.  Accordingly, no response is required.  Jaffa reserves the right to amend this response in the event that this claim for relief is reinstated.

102.    By Order filed on April 13, 2022, the Court dismissed this claim for relief against Jaffa.  Accordingly, no response is required.  Jaffa reserves the right to amend this response in the event that this claim for relief is reinstated.

## <u>COUNT IV</u>

(Violation Of The Kansas Consumer Protection Law Brought By The Kansas Subclass)

103.    Jaffa incorporates and repeats his responses to paragraphs 1 through 102 of the Second Amended Complaint.

104.    By Order filed on April 13, 2022, the Court dismissed this claim for relief against Jaffa. Accordingly, no response is required. Jaffa reserves the right to amend this response in the event that this claim for relief is reinstated.

105.    By Order filed on April 13, 2022, the Court dismissed this claim for relief against Jaffa. Accordingly, no response is required. Jaffa reserves the right to amend this response in the event that this claim for relief is reinstated.

106.    By Order filed on April 13, 2022, the Court dismissed this claim for relief against Jaffa. Accordingly, no response is required. Jaffa reserves the right to amend this response in the event that this claim for relief is reinstated.

107.    By Order filed on April 13, 2022, the Court dismissed this claim for relief against Jaffa. Accordingly, no response is required. Jaffa reserves the right to amend this response in the event that this claim for relief is reinstated.

108.    By Order filed on April 13, 2022, the Court dismissed this claim for relief against Jaffa. Accordingly, no response is required. Jaffa reserves the right to amend this response in the event that this claim for relief is reinstated.

109.    By Order filed on April 13, 2022, the Court dismissed this claim for relief against Jaffa. Accordingly, no response is required. Jaffa reserves the right to amend this response in the event that this claim for relief is reinstated.

## COUNT V

(Violation Of The Nebraska Consumer Protection Law Brought By The Nebraska Subclass)

110.    Jaffa incorporates and repeats his responses to paragraphs 1 through 109 of the Second Amended Complaint.

111.    By Order filed on April 13, 2022, the Court dismissed this claim for relief against Jaffa.  Accordingly, no response is required.  Jaffa reserves the right to amend this response in the event that this claim for relief is reinstated.

112.    By Order filed on April 13, 2022, the Court dismissed this claim for relief against Jaffa.  Accordingly, no response is required.  Jaffa reserves the right to amend this response in the event that this claim for relief is reinstated.

113.    By Order filed on April 13, 2022, the Court dismissed this claim for relief against Jaffa.  Accordingly, no response is required.  Jaffa reserves the right to amend this response in the event that this claim for relief is reinstated.

114.    By Order filed on April 13, 2022, the Court dismissed this claim for relief against Jaffa.  Accordingly, no response is required.  Jaffa reserves the right to amend this response in the event that this claim for relief is reinstated.

115.    By Order filed on April 13, 2022, the Court dismissed this claim for relief against Jaffa.  Accordingly, no response is required.  Jaffa reserves the right to amend this response in the event that this claim for relief is reinstated.

116.    By Order filed on April 13, 2022, the Court dismissed this claim for relief against Jaffa.  Accordingly, no response is required.  Jaffa reserves the right to amend this response in the event that this claim for relief is reinstated.

## COUNT VI

(Violation Of The South Dakota Fraudulent Concealment Law
Brought By The South Dakota Subclass)

117.    Jaffa incorporates and repeats his responses to paragraphs 1 through 116 of the Second Amended Complaint.

118.    Jaffa denies the allegations contained in paragraph 118  of the Second Amended Complaint.

119.    Jaffa denies the allegations contained in paragraph 119  of the Second Amended Complaint.

120.    Jaffa denies the allegations contained in paragraph 120  of the Second Amended Complaint.

## COUNT VII

(Violation Of The Arkansas Deceptive Trade Practices Act Brought By The Arkansas Subclass)

121.    Jaffa incorporates and repeats his responses to paragraphs 1 through 120 of the Second Amended Complaint.

122.    By Order filed on April 13, 2022, the Court dismissed this claim for relief against Jaffa.  Accordingly, no response is required.  Jaffa reserves the right to amend this response in the event that this claim for relief is reinstated.

123.    By Order filed on April 13, 2022, the Court dismissed this claim for relief against Jaffa.  Accordingly, no response is required.  Jaffa reserves the right to amend this response in the event that this claim for relief is reinstated.

124.    By Order filed on April 13, 2022, the Court dismissed this claim for relief against Jaffa.  Accordingly, no response is required.  Jaffa reserves the right to amend this response in the event that this claim for relief is reinstated.

125.    By Order filed on April 13, 2022, the Court dismissed this claim for relief against Jaffa.  Accordingly, no response is required.  Jaffa reserves the right to amend this response in the event that this claim for relief is reinstated.

126.    By Order filed on April 13, 2022, the Court dismissed this claim for relief against Jaffa.  Accordingly, no response is required.  Jaffa reserves the right to amend this response in the event that this claim for relief is reinstated.

127.    By Order filed on April 13, 2022, the Court dismissed this claim for relief against Jaffa.  Accordingly, no response is required.  Jaffa reserves the right to amend this response in the event that this claim for relief is reinstated.

## COUNT VIII

(Breach Of Fiduciary Duty Against All Defendants)

128.    Jaffa incorporates and repeats his responses to paragraphs 1 through 127 of the Second Amended Complaint.

129.    By Order filed on April 13, 2022, the Court dismissed this claim for relief against Jaffa.  Accordingly, no response is required.  Jaffa reserves the right to amend this response in the event that this claim for relief is reinstated.

130.    By Order filed on April 13, 2022, the Court dismissed this claim for relief against Jaffa.  Accordingly, no response is required.  Jaffa reserves the right to amend this response in the event that this claim for relief is reinstated.

131.    By Order filed on April 13, 2022, the Court dismissed this claim for relief against Jaffa.  Accordingly, no response is required.  Jaffa reserves the right to amend this response in the event that this claim for relief is reinstated.

132.    By Order filed on April 13, 2022, the Court dismissed this claim for relief against Jaffa.  Accordingly, no response is required.  Jaffa reserves the right to amend this response in the event that this claim for relief is reinstated.

133.    By Order filed on April 13, 2022, the Court dismissed this claim for relief against Jaffa.  Accordingly, no response is required.  Jaffa reserves the right to amend this response in the event that this claim for relief is reinstated.

134.    By Order filed on April 13, 2022, the Court dismissed this claim for relief against Jaffa.  Accordingly, no response is required.  Jaffa reserves the right to amend this response in the event that this claim for relief is reinstated.

135.    By Order filed on April 13, 2022, the Court dismissed this claim for relief against Jaffa.  Accordingly, no response is required.  Jaffa reserves the right to amend this response in the event that this claim for relief is reinstated.

## COUNT IX

(Negligence)

135.    Jaffa incorporates and repeats his responses to paragraphs 1 through 135 of the Second Amended Complaint.[1]

136.    Jaffa denies the allegations contained in paragraph 136 of the Second Amended Complaint.

137.    Jaffa denies the allegations contained in paragraph 137 of the Second Amended Complaint.

---

[1] The Second Amended Complaint contains two paragraphs numbered "135"; accordingly, so too does this Answer.

138.     Jaffa denies the allegations contained in paragraph 138 of the Second Amended Complaint.

## COUNT X

(Conversion)

139.     Jaffa incorporates and repeats his responses to paragraphs 1 through 138 of the Second Amended Complaint.

140.      Jaffa denies the allegations contained in paragraph 140 of the Second Amended Complaint.

141.     Jaffa denies the allegations contained in paragraph 141 of the Second Amended Complaint.

142.     Jaffa denies the allegations contained in paragraph 142 of the Second Amended Complaint.

## RESPONSE TO PRAYER FOR RELIEF

For the avoidance of doubt, Jaffa denies that Plaintiffs are entitled to any of the relief requested in the "Wherefore" clauses at the conclusion of each Count in the Second Amended Complaint.

## DEFENSES

Without admitting any of the allegations of the Second Amended Complaint, and without admitting that Jaffa bears the burden of proof on any of the following defenses, Jaffa states, as separate and independent defenses and/or affirmative defenses, as follows:

## FIRST DEFENSE

The Second Amended Complaint, and each purported claim and claim for relief therein, fails to state a claim for relief against Jaffa.

## SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands and/or other related equitable doctrines.

## THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs suffered no injuries or damages that were caused by Jaffa.

## FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Jaffa made no deceptive statement to Plaintiffs.

## FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Jaffa was not negligent and violated no duty to Plaintiffs.

## SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Jaffa did not exercise control or dominion over Plaintiffs' property.

## SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to mitigate any alleged damages.

## EIGHTH DEFENSE

Plaintiffs lack standing to bring the claims contained in the Second Amended Complaint.

## NINTH DEFENSE

Jaffa acted at all times relevant hereto with good faith, without fraud or deceit, and in compliance with State and federal law.

**TENTH DEFENSE**

Plaintiffs have suffered no injury attributable to any conduct by Jaffa.

**ELEVENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because any injuries suffered by Plaintiffs are due to the acts or omissions of third persons or entities over whom Jaffa has no control, and/or to Plaintiffs' own actions.

**TWELFTH DEFENSE**

The Court should not exercise jurisdiction over Plaintiffs' claims because Plaintiffs have failed to exhaust State and/or administrative remedies.

**THIRTEENTH DEFENSE**

Plaintiffs are not entitled to attorneys' fees.

**FOURTEENTH DEFENSE**

The Second Amended Complaint fails to state a claim against Jaffa because Jaffa is not responsible for the statements at issue and therefore cannot be liable to Plaintiffs as a matter of law.

**FIFTEENTH DEFENSE**

The Second Amended Complaint fails to state a claim upon which relief can be granted against Jaffa because of lack of scienter.

**SIXTEENTH DEFENSE**

Plaintiffs' claims and the claims of the putative classes, if any, are barred, in whole or in part, by the appropriate statutes of limitation.

## SEVENTEENTH DEFENSE

The Complaint, and each purported claim for relief alleged therein, does not state facts sufficient to certify a class or classes. Therefore, this action is not properly brought as a class action.

## EIGHTEENTH DEFENSE

This action may not be maintained as a class action because Plaintiffs are not adequate class representatives and cannot fairly and adequately protect the interests of the purported classes.

## NINETEENTH DEFENSE

Plaintiffs cannot maintain a representative or class action because joinder of all members of the putative classes is not impracticable.

## TWENTIETH DEFENSE

Plaintiffs are not proper representatives of the classes they purport to represent and, accordingly, this action is not properly brought as a class action.

## TWENTY-FIRST DEFENSE

Plaintiffs cannot maintain a representative or class action because the putative plaintiffs are not similarly situated.

## TWENTY-SECOND DEFENSE

Plaintiffs cannot maintain a representative or class action because individual issues will predominate over class issues.

## TWENTY-THIRD DEFENSE

Plaintiffs cannot maintain a representative or class action because Plaintiffs' claims and the defenses applicable to those claims are not typical of those of the alleged members of the putative class.

## TWENTY-FOURTH DEFENSE

Plaintiffs cannot maintain a representative or class action because there are no material questions common to the asserted class, and even if there were, individual issues of law or fact predominate over any common questions.

## TWENTY-FIFTH DEFENSE

Plaintiffs cannot maintain a representative or class action because a class action is not a superior method for the fair and efficient adjudication of the controversy.

## TWENTY-SIXTH DEFENSE

Plaintiffs cannot maintain a representative or class action because any adjudication of Plaintiffs' claims and those of the alleged members of the putative class through purported generalized class-wide proof would violate Jaffa's rights to Due Process under the United States Constitution and applicable state constitutions.

## TWENTY-SEVENTH DEFENSE

Plaintiffs and the alleged members of the putative class are not entitled to any recovery under RICO because they cannot satisfy RICO's requirements concerning proximate cause, a pattern of racketeering activity, a RICO enterprise, predicate acts of mail or wire fraud, or RICO conspiracy.

## TWENTY-EIGHTH DEFENSE

Should any plaintiff receive judgment against Jaffa, Jaffa is entitled to a right of contribution from other individuals or entities whose acts or omissions may have contributed to the occurrence of the alleged injury, damage and/or loss, if any.

## TWENTY-NINTH DEFENSE

Jaffa denies all averments and allegations in the Second Amended Complaint not otherwise specifically admitted or otherwise addressed.

## THIRTIETH DEFENSE

Jaffa reserves the right to assert additional defenses and/or affirmative defenses as may be appropriate.

## CROSS-CLAIMS

As and for his cross-claims against Joseph Schwartz, Rosie Schwartz, Skyline Health Care, LLC, Skyline Management Group, LLC, Cottonwood Healthcare, LLC and First Landing Information Services, LLC, Jaffa alleges as follows:

## FIRST CROSS-CLAIM

(As Against Joseph Schwartz, Rosie Schwartz, Skyline Health Care, LLC, Skyline Management Group, LLC, Cottonwood Healthcare, LLC and First Landing Information Services, LLC -- Civil RICO, 18 U.S.C. § 1962(c))

1.     The Second Amended Complaint alleges facts about "Defendants" that have survived a motion to dismiss, including, without limitation, that "Defendants" acted in a concerted manner, through a pattern of racketeering activity to the detriment of Plaintiffs.

2.     Jaffa was not a participant in such conduct, did not agree to participate in such conduct, was not aware of such conduct when it was occurring and was himself a victim of such conduct.

3.     Rather, Joseph Schwartz (and his related interests) reached out to Jaffa and represented that he was having staffing issues at his facilities, including paying too much money to staffing agencies and for overtime.  Joseph Schwartz (and his related interests) therefore asked Jaffa to assist in improving these staffing issues and procedures, and reducing the attendant costs, by opening up a separate entity called Cornerstone Quality Care, LLC.

4.     Cornerstone Quality Care, LLC employed six or seven individuals for the purpose of finding staff for the facilities to help the facilities avoid staffing charges for, *inter alia*, overtime and other expenses that the facilities sought to eliminate.  Such employees were hired directly by

the facilities.  Cornerstone itself did not manage, control or supervise any of the individuals working at the facilities.  To Jaffa's knowledge, Cornerstone Quality Care, LLC only employed the six or seven individuals conducting the staffing searches.

5.    Schwartz retained a payroll company – not Cornerstone – to process payroll for all of the entities, including the facilities, on behalf of Skyline.

6.    Similarly, upon information and belief, the facilities provided insurance benefits to their employees by a company called Oxford Coverage, Inc., which Joseph Schwartz owned, and later sold to Hub International Limited, which took over the insurance while retaining certain of Joseph Schwartz's prior employees.

7.    Joseph Schwartz (and his related interests) ultimately hijacked Cornerstone, using its name for his own (and his related interests') purposes and alleged fraudulent conduct, without Jaffa's knowledge or approval.

8.    Ultimately, neither Jaffa nor Cornerstone made any profit on this transaction; rather, Jaffa and his interests lost more than $4,000,000 due to the conduct of Joseph Schwartz, Rosie Schwartz, Skyline Health Care, LLC, Skyline Management Group, LLC, Cottonwood Healthcare, LLC and First Landing Information Services, LLC.

9.    As a result of the foregoing, Jaffa has been damaged in an amount to be determined at trial, but not less than $4,000,000, plus interest, costs, disbursements, and such other and further relief as the Court deems just and proper, as well as treble damages and attorney's fees.

## <u>SECOND CROSS-CLAIM</u>

(As Against Joseph Schwartz – Fraud)

10.    Jaffa repeats and realleges each and every allegation contained in paragraphs 1 through 9 above as though fully set forth herein.

11.     Joseph Schwartz (and his related interests) reached out to Jaffa and represented that he was having staffing issues at his facilities, including paying too much money to staffing agencies and for overtime.  Joseph Schwartz (and his related interests) therefore asked Jaffa to assist in improving these staffing issues and procedures, and reducing the attendant costs, by opening a separate entity called Cornerstone Quality Care, LLC.

12.     Cornerstone Quality Care, LLC employed six or seven individuals for the purpose of finding staff for the facilities to help the facilities avoid staffing charges for, *inter alia*, overtime and other expenses that the facilities sought to eliminate.  Such employees were hired directly by the facilities.  Cornerstone itself did not manage, control or supervise any of the individuals working at the facilities.  To Jaffa's knowledge, Cornerstone Quality Care, LLC only employed the six or seven individuals conducting the staffing searches.

13.     Joseph Schwartz intended for Jaffa to rely on such representations, but Joseph Schwartz knew such representations to be false, as he did not intend to utilize Jaffa's services solely for the purposes stated.  Rather, without Jaffa's knowledge, Joseph Schwartz intended to use Cornerstone's name for his (and his related interests') purposes and alleged fraudulent conduct, without Jaffa's knowledge or approval.

14.     Jaffa reasonably relied on Joseph Schwartz's representations.

15.     Ultimately, neither Jaffa nor Cornerstone made any profit on this transaction; rather, Jaffa and his interests lost more than $4,000,000 due to the conduct of Joseph Schwartz, Rosie Schwartz, Skyline Health Care, LLC, Skyline Management Group, LLC, Cottonwood Healthcare, LLC and First Landing Information Services, LLC.

16.    As a result of the foregoing, Jaffa has been damaged in an amount to be determined at trial, but not less than $4,000,000, plus interest, costs, disbursements, and such other and further relief as the Court deems just and proper.

### THIRD CROSS-CLAIM

(As Against Joseph Schwartz, Rosie Schwartz, Skyline Health Care, LLC, Skyline Management Group, LLC, Cottonwood Healthcare, LLC and First Landing Information Services, LLC -- Contribution)

17.    Jaffa repeats and realleges each and every allegation contained in paragraphs 1 through 16 above as though fully set forth herein.

18.    Without admitting any of the allegations contained in the Second Amended Complaint, Jaffa states that, in the event he is found liable and responsible to Plaintiffs, Jaffa is entitled to Contribution from Joseph Schwartz, Rosie Schwartz, Skyline Health Care, LLC, Skyline Management Group, LLC, Cottonwood Healthcare, LLC and First Landing Information Services, LLC pursuant to the New Jersey Tortfeasors Contribution Act, N.J.S.A. 2A:53A-a *et seq.* and the New Jersey Comparative Negligence Act, N.J.S.A. 2A:15-5.1, *et seq*.

### FOURTH CROSS-CLAIM

(As Against Joseph Schwartz, Rosie Schwartz, Skyline Health Care, LLC, Skyline Management Group, LLC, Cottonwood Healthcare, LLC and First Landing Information Services, LLC -- Common Law Indemnification)

19.    Jaffa repeats and realleges each and every allegation contained in paragraphs 1 through 18 above as though fully set forth herein.

20.    Without admitting any of the allegations contained in the Second Amended Complaint, Jaffa states that, in the event he is found liable and responsible to Plaintiffs, Joseph Schwartz, Rosie Schwartz, Skyline Health Care, LLC, Skyline Management Group, LLC, Cottonwood Healthcare, LLC and First Landing Information Services, LLC were the active,

primary and contributory cause of any and all damages and losses sustained by the Plaintiffs. As a result of the above, Jaffa is entitled to be indemnified and held harmless.

<u>**REQUESTS FOR RELIEF**</u>

WHEREFORE, Jaffa respectfully requests judgment (i) dismissing the Second Amended Complaint against him in its entirety; (ii) in his favor against Defendants Joseph Schwartz, Rosie Schwartz, Skyline Health Care, LLC, Skyline Management Group, LLC, Cottonwood Healthcare, LLC and First Landing Information Services, LLC in an amount to be determined at trial; (iii) awarding costs, disbursements and reasonable attorney's fees; and (iv) granting such other and further relief as the Court may deem just and proper.

Dated:  Bridgewater, New Jersey
        June 8, 2022

Respectfully submitted,

WASSERMAN LEGAL LLC

By: _____
        Jeffrey I. Wasserman
1200 Route 22 East
Suite 2000, # 2238
Bridgewater, New Jersey  08807
(973) 486-4801
jwasserman@wasslegal.com