# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| THERESA DANTE; THEODORE HUSS; JULIET HINRICHS; SAMANTHA OGGS; AND MARGATE GATES,<br><br>*Plaintiffs*,<br><br>v.<br><br>JOSEPH SCHWARTZ; ROSIE SCHWARTZ; SKYLINE HEALTH CARE, LLC; SKYLINE MANAGEMENT GROUP, LLC; CORNERSTONE QUALITY CARE, LLC; COTTONWOOD HEALTHCARE, LCC; FIRST LANDING INFORMATION SERVICES, LLC; and JACK JAFFA a/k/a CHAVA JAFFA,<br><br>*Defendants*. | Civil Action No. 20-1047<br><br>**ORDER** |

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court by way of Plaintiffs' motion for default judgment, D.E. 57; and it

**APPEARING** that prior to entering a default judgment, the court is first required to determine whether process was properly served on the defendants. *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. 11-624, 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011). "[T]he party asserting the validity of service bears the burden of proof on that issue." *Grand Entm't Grp. v. Star Media Sales*, 988 F.2d 476, 488 (3d Cir. 1993) (citation omitted). "Because courts lack personal jurisdiction where service of process is improper, determining proper service

is a threshold issue." *Khater v. Puzino Dairy, Inc.*, No. 14-4618, 2015 WL 4773125, at *3 (D.N.J. Aug. 12, 2015) (citing *Lampe v. Xouth, Inc.*, 952 F.2d 697, 700-01 (3d Cir. 1991)); and it further

**APPEARING** that Federal Rule of Civil Procedure 4(e)(1) applies to serving an individual within a judicial district of the United States, and Defendants Joseph Schwartz and Rosie Schwartz, (collectively, the "Individual Defendants"), are individuals in a judicial district of the United States. Under Rule 4(e)(1), such individuals must be served:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> > (A) delivering a copy of the summons and of the complaint to the individually personally;
> >
> > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> >
> > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(1); and it further

**APPEARING** that Federal Rule of Civil Procedure 4(h)(1) applies to serving a limited liability company in a judicial district of the United States, and Defendants Skyline Health Care, LLC; Skyline Management Group, LLC; Cornerstone Quality Care, LLC; and Cottonwood Healthcare, LLC (collectively, the "LLC Defendants"), are limited liability companies in a judicial district of the United States.[1] Under Rule 4(h)(1), limited liability companies must be served:

---

[1] First Landing Information Services, LLC ("First Landing") was named as a defendant in this matter and is also a limited liability company. D.E. 1. However, it appears that Plaintiffs did not attempt to serve First Landing within the time allotted, *see infra* n.3, nor did Plaintiffs move for entry of default or for default judgment against First Landing. Thus, the Court puts Plaintiffs on notice that they must either (1) demonstrate that they did effectuate service on First Landing and that service was proper; or (2) show good cause why First Landing was not served. As stated

>> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h)(1); and it further

**APPEARING** that pursuant to Federal Rules of Civil Procedure 4(h)(1) and 4(e)(1), individuals and limited liability companies may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district is located or where service is made." Fed. R. Civ. P. 4(e)(1). Thus, New Jersey law and New York law are applicable; and it further

**APPEARING** that under New Jersey law, personal service on individuals shall be made

> [u]pon a competent individual of the age of 14 or over, by delivering a copy of the summons and complaint to the individual personally, or by leaving a copy thereof at the individual's dwelling place or usual place of abode with a competent member of the household of the age of 14 or over then residing therein, or by delivering a copy thereof to a person authorized by appointment or by law to receive service of process on the individual's behalf

N.J. Ct. R. 4:4-4(a)(1);[2] and it further

---

below, if Plaintiffs fail to do so within thirty (30) days of this Order, First Landing will be dismissed from this action. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). Moreover, in a multi-party case where not all defendants are in default, the Court's "preferred practice is . . . to withhold granting default judgment until the action is resolved on its merits against the non-defaulting defendants." *Animal Science Prods., Inc. v. China Nat'l Metals & Minerals Import & Export Corp.*, 596 F. Supp. 2d 842, 849 (D.N.J. 2008) (citations omitted).

[2] If personal service by this means cannot be effected, then Rule 4:4-4(b)(1)(C) provides an alternate means of service. N.J. Ct. R. 4:4-4(b)(1)(C) (emphases added).

**APPEARING** that under New Jersey law, service on limited liability companies shall be made

> by serving a copy of the summons and complaint in the manner prescribed by paragraph (a)(1) of this rule on any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof, or, if service cannot be made on any of those persons, then on a person at the principal place of business of the corporation in this State in charge thereof, or if there is no place of business in this State, then on any employee of the corporation within this State acting in the discharge of his or her duties, provided, however, that a foreign corporation may be served only as herein prescribed subject to due process of law[.]

N.J. Ct. R. 4:4-4(a)(6); and it further

**APPEARING** that Plaintiffs' certificates of service as to the Individual Defendants and the LLC Defendants state that service was made on June 9, 2020[3] at 7:40 a.m. by attaching copies of the summons and complaint "to a conspicuous place on the property of the within named person's residence" in Brooklyn, New York, after two prior unsuccessful attempts to serve: the first, on June 5, 2020, at 3:18 p.m.; and the second, on June 8, 2020, at 7:10 p.m.[4]  D.E. 6, 7, 8, 9, 10, 11.  Because Plaintiffs fail to demonstrate that service was made by delivery to a statutorily

---

[3] Because Plaintiffs' Complaint, D.E. 1, was filed on January 30, 2020, Plaintiffs' deadline to serve under Federal Rule of Civil Procedure 4(m) would have been April 29, 2020; however, the Court granted Plaintiffs' motion for an extension of time to serve all Defendants, thereby extending Plaintiffs' deadline to serve to July 20, 2020. D.E. 4, 5.

[4] The certificate of service as to Defendant Joseph Schwartz, and the certificate of service as to Defendant Rosie Schwartz, state that the papers are to be served on Defendant, and that such papers were affixed at the property of the "named person's residence." D.E. 8, 9.  The certificates of service as to the LLC Defendants are addressed to the care of Joseph Schwartz and likewise indicate that such papers were affixed at the property of the "named person's residence." D.E. 6, 7, 10, 11.

authorized individual at the residence, as is required under N.J. Ct. R. 4:4-4(a)(1) and N.J. Ct. R. 4:4-4(a)(6), the Individual Defendants and the LLC Defendants were not properly served under New Jersey law;[5] and it further

> **APPEARING** that under New York law, personal service on individuals shall be made
>
>> (1) by delivering the summons within the state to the person to be served; or
>>
>> (2) by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business[.]

N.Y. C.P.L.R. §§308(1)(2).  If personal service by these means "cannot be made with due diligence,"[6] then C.P.L.R. § 308(4) authorizes "nail and mail" service, providing that service may be made

>> by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served *and* by either mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business[.]

N.Y. C.P.L.R. § 308(4) (emphasis added); and it further

---

[5] Plaintiffs also do not assert "by affidavit satisfying the requirements of N.J. Ct. R. 4:4-5(b) that despite diligent effort and inquiry personal service cannot be made in accordance with paragraph (a) of this rule," and that Plaintiffs therefore mailed a copy of the summons and complaint in accordance with the requirements set forth in N.J. Ct. R. 4:4-4(b)(1)(C). *See supra* n.2.

[6] "The due diligence requirement of CPLR 308(4) must be strictly observed, given the reduced likelihood that a summon served pursuant to that section will be received." *Prego v. Bartkowski*, 216 A.D.3d 679, 679, 188 N.Y.S.3d 611, 681 (N.Y. App. Div. 2023) (quoting *Gurevitch v. Goodman*, 269 A.2d 355, 355, 702 N.Y.S.2d 634, 635 (N.Y. App. Div. 2000).

**APPEARING** that Plaintiffs fail to demonstrate that the due diligence requirement was met before resorting to "nail and mail" service for the Individual Defendants.[7]  Likewise, Plaintiffs do not demonstrate they mailed a copy of the summons to the Individual Defendants, thereby failing to comply with the "mail" requirement of the "nail and mail" method.  *See* N.Y. C.P.L.R. § 308(4).  Thus, the Individual Defendants were not properly served under New York law; and it further

**APPEARING** that under New York law, personal service is made on a limited liability company pursuant to N.Y. C.P.L.R. §311-a, which provides that

> (a) Service of process on any domestic or foreign limited liability company shall be made by delivering a copy personally to (i) any member of the limited liability company in this state, if the management of the limited liability company is vested in its members, (ii) any manager of the limited liability company in this stage, if the management of the limited liability company is vested in one or more managers, (iii) to any other agent authorized by appointment to receive process, or (iv) to any other person designated by the limited liability company to receive process, in the manner provided by law for service of a summons as if such person was a defendant. Service of process upon a limited liability company may also be made pursuant to article three of the limited liability company law.

N.Y. C.P.L.R. §311-a; and it further

---

[7] *See O'Connell v. Post*, 27 A.D.3d 630, 631 (N.Y. App. Div. 2006) (internal citations omitted) (finding that the plaintiff failed to satisfy the due diligence requirement where two of the unsuccessful service attempts were made on weekdays during hours when it could have reasonably been expected that the defendant was either working or in transit to and from work, and where the process server "made no effort to determine the defendant's business address in order to attempt personal service thereat pursuant to C.P.L.R. § 308(2)" before resorting to service under C.P.L.R. § 308(4)).

**APPEARING** that Plaintiffs failed to demonstrate that they personally served a statutorily authorized representative of the limited liability companies as is required under C.P.L.R. §311-a.[8] Consequently, the LLC Defendants were not properly served under New York law; and it further

**APPEARING** that because neither the Individual Defendants nor the LLC Defendants have been properly served, the Court lacks personal jurisdiction over Defendants.[9] Therefore, Plaintiffs' motion for default judgment must be denied.

For the foregoing reasons, and for good cause shown,

**IT IS** on this 10 day of July 2023,

---

[8] The Court does not consider whether the attempted "nail and mail" service was proper as to the LLC Defendants because the alternative methods of personal service set forth under C.P.L.R. §308 are not available to limited liability companies under New York law. *See Supple v. Brockbilt Homes LLC*, No. 29714-2006, 2007 WL 4857221 (N.Y. Sup. Ct. Dec. 31, 2007) (requiring that a limited liability company be served by personal delivery into the hands of a statutorily authorized representative in accordance with C.P.L.R. §311-a because an LLC is an entity akin to a corporation, and service on a corporation may not be made in accordance with the alternative methods of service under C.P.L.R. §308(2) and (4)).

[9] The Court acknowledges that Defendants appear to have actual notice of this lawsuit. D.E. 58-1 at 6. The Third Circuit has recognized that "[w]hen there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process." *Stranahan Gear Co. v. NL Industries, Inc.*, 800 F.2d 53, 56 (3d Cir. 1986) (quoting *Armco, Inc. v. Penrod-Stauffer Building Systems, Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984)). However, the Third Circuit has also emphasized that "the rules are there to be followed, and plain requirements for the means of effecting service may not be ignored." *Id.* Here, New Jersey law plainly requires that service be made on a statutorily authorized individual and Plaintiffs have not established this required fact. *See Jackson Hewitt Inc. v. Active Income Taxes, Inc.*, No. 22-02355, 2022 WL 17340726, at *4 (D.N.J. Nov. 30, 2022) (finding that service was improper, notwithstanding the fact that the defendants had notice, on this ground). As to New York law, actual notice does not cure insufficient service. *See* N.Y. C.P.L.R. §308 (McKinney cmt. C308:1) ("A defendant's receipt of actual notice of the action, in other words, does not stop him from challenging service that was made in an unauthorized manner."); *see also Feinstein v. Bergner*, 48 N.Y.2d 234, 241 (1979) ("That [the defendant] subsequently received actual notice of the suit does not cure this defect, since notice received by means other than those authorized by statute cannot serve to bring a defendant within the jurisdiction of the court.").

7

**ORDERED** that Plaintiffs' motion for default judgment, D.E. 57, is **DENIED**; and it is further

**ORDERED** that Plaintiffs shall submit papers within thirty (30) days indicating either (1) that service was properly made on Defendant First Landing Information Services, LLC, within the time prescribed by the Court; or (2) that good cause exists for failure to properly serve Defendant First Landing Information Services, LLC, within the allotted time.  If Plaintiffs fail to do so, Defendant First Landing Information Services, LLC, will be dismissed from this action; and it is further

**ORDERED** that the Clerk's entries of default as to Defendants Joseph Schwartz; Rosie Schwartz; Skyline Health Care, LLC; Skyline Health Management Group, LLC; Cornerstone Quality Care, LLC; and Cottonwood Healthcare, LLC are vacated;[10] and it is further

**ORDERED** that Plaintiffs are granted leave to re-serve Defendants Joseph Schwartz; Rosie Schwartz; Skyline Health Care, LLC; Skyline Health Management Group, LLC; Cornerstone Quality Care, LLC; and Cottonwood Healthcare, LLC within ninety (90) days pursuant to the Federal Rules of Civil Procedure. If Plaintiff does not properly re-serve said Defendants within ninety (90) days and file proof of service on the docket within ninety-five (95) days from receipt of this Order, the denial of Plaintiffs' motion for default judgment will be with prejudice; and it is further

**ORDERED** that the Clerk's Office is directed to reissue the summons as to Defendants Joseph Schwartz; Rosie Schwartz; Skyline Health Care, LLC; Skyline Health Management Group, LLC; Cornerstone Quality Care, LLC; and Cottonwood Healthcare, LLC.

---

[10] The Clerk of the Court entered default against said Defendants on August 13, 2020 because they had not responded to the Complaint within the applicable time period.  The Clerk appears to have relied on the docket entries indicating service, but such service was ineffective as discussed.

_____
John Michael Vazquez, U.S.D.J.