UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THERESA DANTE; THEODORE HUSS; JULIET HINRICHS; SAMANTHA OGGS; AND MARGATE GATES,<br><br>*Plaintiffs*,<br><br>v.<br><br>JOSEPH SCHWARTZ; ROSIE SCHWARTZ; SKYLINE HEALTH CARE, LLC; SKYLINE MANAGEMENT GROUP, LLC; CORNERSTONE QUALITY CARE, LLC; COTTONWOOD HEALTHCARE, LCC; FIRST LANDING INFORMATION SERVICES, LLC; and JACK JAFFA a/k/a CHAVA JAFFA,<br><br>*Defendants*. | Civil Action No. 20-1047<br><br>**ORDER** |

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court by way of Cross-Claimant Jaffa's motion for default judgment as to its cross-claims against Defendants Joseph Schwartz; Rosie Schwartz; Skyline Health Care, LLC; Skyline Management Group, LLC; Cottonwood Healthcare, LLC; and First Landing Information Services, LLC (collectively, "Cross Defendants"), D.E. 58; and it

**APPEARING** that prior to entering a default judgment, the court is first required to determine whether process was properly served on the defendants. *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. 11-624, 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011). "[T]he party asserting the validity of service bears the burden of proof on that issue." *Grand Entm't Grp. v. Star Media Sales*, 988 F.2d 476, 488 (3d Cir. 1993) (citation omitted). "Because

courts lack personal jurisdiction where service of process is improper, determining proper service is a threshold issue." *Khater v. Puzino Dairy, Inc.*, No. 14-4618, 2015 WL 4773125, at *3 (D.N.J. Aug. 12, 2015) (citing *Lampe v. Xouth, Inc.*, 952 F.2d 697, 700-01 (3d Cir. 1991)); and it further

**APPEARING** that Jaffa filed his Answer to Plaintiffs' Second Amended Complaint, Defenses, and Cross-Claims (the "cross-claims") on June 8, 2022, D.E. 46; and it further

**APPEARING** that Jaffa's Certificate of Service states that the cross-claims were served on Defendants Joseph Schwartz; Rosie Schwartz; Skyline Health Care, LLC; Skyline Management Group, LLC; Cottonwood Healthcare, LLC on July 7, 2022, via First Class Mail. D.E. 47.[1]  Thus, it appears that Jaffa attempted service under Federal Rule of Civil Procedure 5(b)(2)(C), which allows a paper to be served by "mailing it to the person's last known address—in which event service is complete upon mailing[.]" Fed. R. Civ. P. 5(b)(2)(C); and it further

**APPEARING** that, where a party has not yet appeared in a matter, cross-claims against that party must be served, with a summons, in accordance with the requirements of Rule 4 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 5(a)(2) ("[A] pleading that asserts a new claim for relief against [a party who has failed to appear] must be served on that party under Rule 4."); *see also Bayonne Drydock & Repair Corp. v. Wartsila N. Am., Inc.*, No. 12-819, 2013 WL 3286149, at *5 (D.N.J. June 28, 2013) (citing Fed. R. Civ. P. 5(a)(2)) ("Prior to a party appearing

---

[1] While Jaffa moves for default judgment against First Landing Information Services, LLC ("First Landing"), D.E. 58, it appears that Jaffa did not attempt to serve First Landing.  Thus, the Court puts Jaffa on notice that he must either (1) demonstrate that he did effectuate service on First Landing and that service was proper; or (2) show good cause why First Landing was not properly served.  As stated below, if Jaffa fails to do so within thirty (30) days of this Order, the cross-claim against First Landing will be dismissed.  Fed. R. Civ. P. 4(m).  Moreover, in a multi-party case, where not all defendants are in default, the Court's "preferred practice is . . . to withhold granting default judgment until the action is resolved on its merits against the non-defaulting defendants." *Animal Science Prods., Inc. v. China Nat'l Metals & Minerals Import & Export Corp.*, 596 F. Supp. 2d 842, 849 (D.N.J. 2008) (citations omitted).

2

in a lawsuit, a cross-claim should be served along with a summons pursuant to Rule 4 of the Federal Rules of Civil Procedure."); *Fluor Engineers & Constructors, Inc. v. S. Pac. Transp. Co.*, 753 F.2d 444, 449 n.7 (5th Cir. 1985) (recognizing that before a party appears in a lawsuit, a cross-claim should be served with a summons pursuant to Rule 4 of the Federal Rules of Civil Procedure, whereas service pursuant to Rule 5 of the Federal Rules of Civil Procedure is appropriate once a party has appeared); and it further

**APPEARING** that on the date that Jaffa attempted service—July 7, 2022—Defendants had not yet appeared in this matter.[2] Accordingly, for service of the cross-claims to be proper, Jaffa was required to serve the cross-claims, with a summons, upon Defendants in accordance with the requirements of Rule 4 of the Federal Rules of Civil Procedure; and it further

**APPEARING** that service of the cross-claims upon Defendants via First-Class Mail was insufficient under Rule 4 of the Federal Rules of Civil Procedure, both for failure to include a summons, and for the reasons set forth in the Court's Order denying Plaintiffs' motion for default judgment for insufficient service, D.E. 62, which the Court adopts and incorporates by reference. Thus, the Court lacks personal jurisdiction over Defendants;[3] and it further

---

[2] To date, Defendants have not appeared in this matter.

[3] The Court acknowledges that Cross Defendants appear to have actual notice of this lawsuit. D.E. 58-1 at 6. The Third Circuit has recognized that "[w]hen there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process." *Stranahan Gear Co. v. NL Industries, Inc.*, 800 F.2d 53, 56 (3d Cir. 1986) (quoting *Armco, Inc. v. Penrod-Stauffer Building Systems, Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984)). However, the Third Circuit has also emphasized that "the rules are there to be followed, and plain requirements for the means of effecting service may not be ignored the fact that the defendants." *Id.* Here, the Federal Rules of Civil Procedure plainly require that a summons be served with the crossclaims because Cross Defendants have not appeared, and that service be made on a statutorily authorized individual or in accordance with New Jersey or New York law. In addition, New Jersey law plainly requires that service be made on a statutorily authorized individual. *See Jackson Hewitt Inc. v. Active Income Taxes, Inc.*, No. 22-02355, 2022 WL 17340726, at *4 (D.N.J. Nov. 30, 2022) (finding that service was improper, notwithstanding had notice, on this ground). As to New York law, actual notice does not cure insufficient service. *See* N.Y. C.P.L.R. §308 (McKinney cmt.

3

**APPEARING** that "in order to receive a judgment of default . . ., a party must first obtain entry of default from the Clerk of the Court," as "entry of a default judgment is a two-part process." *Richardson v. Cascade Skating Rink*, No. 19-08935, 2021 WL 1259669, at *3 (D.N.J. Apr. 6, 2021) (internal quotation marks and citations omitted); and it further

**APPEARING** that Jaffa did not obtain entry of default by the Clerk of the Court as to each Defendant before moving for default judgment.

For the foregoing reasons, and for good cause shown,

**IT IS** on this 10th day of July 2023,

**ORDERED** that Defendant Jaffa's motion for default judgment as to his cross-claims, D.E. 58, is **DENIED**; and it is further

**ORDERED** that Jaffa shall submit papers within thirty (30) days indicating either (1) that service was timely made on Defendant First Landing Information Services, LLC; or (2) that good cause exists for failure to timely serve Defendant First Landing Information Services, LLC. If Jaffa fails to do so, Defendant First Landing Information Services, LLC, will be dismissed from this action; and it is further

**ORDERED** that Jaffa is granted leave to re-serve his cross claims on Defendants Joseph Schwartz; Rosie Schwartz; Skyline Health Care, LLC; Skyline Management Group, LLC; Cottonwood Healthcare, LLC within ninety (90) days pursuant to the Federal Rules of Civil

---

C308:1) ("A defendant's receipt of actual notice of the action, in other words, does not stop him from challenging service that was made in an unauthorized manner."); *see also Feinstein v. Bergner*, 48 N.Y.2d 234, 241 (1979) ("That [the defendant] subsequently received actual notice of the suit does not cure this defect, since notice received by means other than those authorized by statute cannot serve to bring a defendant within the jurisdiction of the court.").

4

Procedure, and if Defendants fail to timely respond to the cross-claims, Jaffa may move for the Clerk of the Court to enter default; and it is further

**ORDERED** that if Jaffa does not properly re-serve his cross-claims within ninety (90) days and file proof of service on the docket within ninety-five (95) days from receipt of this Order, the denial of the motion for default judgment will be with prejudice; and it is further

**ORDERED** that the Clerk's Office is directed to issue the summons for the cross-claims as to Defendants Joseph Schwartz; Rosie Schwartz; Skyline Health Care, LLC; Skyline Health Management Group, LLC; Cornerstone Quality Care, LLC; and Cottonwood Healthcare, LLC.

*[signature]*
John Michael Vazquez, U.S.D.J.