| | |
|---|---|
| **MURRAY, STONE & WILSON, PLLC**<br>Matthew T. Stone, Esquire<br>Attorney Identification No. 014882007<br>One Tower Bridge<br>100 Front Street, Suite 1230<br>West Conshohocken, PA 19428<br>Phone:  215-947-5300<br>Email: mstone@mswlawgroup.com | THIS IS NOT AN ABRITRATION CASE.  ASSESSMENT OF DAMAGES IS REQUIRED; JURY TRIAL DEMANDED.<br><br>Counsel for Plaintiffs |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THERESA DANTE; TED HUSS; JULIET HINRICHS; SAMANTHA OGGS; MARGARET GATES,<br><br>Plaintiffs,<br><br>v.<br><br>JOSEPH SCHWARTZ; ROSIE SCHWARTZ; SKYLINE HEALTH CARE, LLC; SKYLINE MANAGEMENT GROUP, LLC; CORNERSTONE QUALITY CARE, LLC; COTTONWOOD HEALTHCARE, LLC; FIRST LANDING INFORMATION SERVICES, LLC; and JACK JAFFA a/k/a CHAVA JAFFA,<br><br>Defendants. | Civil Case No.  2:20-cv-01047-JMV-JBC<br><br>**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT PURSUANT TO FED. R. CIV. P. 55 AS AGAINST DEFENDANTS JOSEPH SCHWARTZ, ROSIE SCHWARTZ, SKYLINE HEALTH CARE, LLC, SKYLINE MANAGEMENT GROUP, LLC, CORNERSTONE QUALITY CARE, LLC AND COTTONWOOD HEALTHCARE, LLC** |

Plaintiff hereby moves this Honorable Court under F. R. Civ. P. 55 for the entry of default judgment against Defendants Joseph Schwartz, Rosie Schwartz, Skyline Health Care, LLC, Skyline Management Group, LLC, Cornerstone Quality Care, LLC and Cottonwood Healthcare, LLC ("Defaulting Defendants").

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

1.      Plaintiffs' Complaint in this matter was filed on January 30, 2020 (Doc. No. 1). Summons were issued by the Court on February 5, 2020 (Doc. No. 3).

2. This Court has subject matter jurisdiction over this action pursuant to 18 U.S.C. § 1964 as well as the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), as minimal diversity exists and the amount in controversy exceeds $5,000,000.00.

3. In short, Plaintiffs allege that Defendants conspired to withhold monies and wages from employees at numerous nursing homes across the United States purportedly for the purpose of obtaining and maintaining health, dental, and supplemental insurance policies on behalf of those employees.  However, the insurance plans for which premiums were being deducted directly from the paychecks of the nursing home employees were either in fact, not purchased, or cancelled by the insurance providers as a result of the Defendants' failure to pay over the premiums collected from the Defendants' employees.

4. In a March 29, 2018, termination letter to Defendants Joseph Schwartz and Jack Jaffa, the third party plan administrator, American Plan Administrators, wrote, "Unfortunately you have not been paying your claims in a timely manner and we had several meetings at which you made us numerous promises that you will fund your claims timely.  To date you have not kept up to these promises and we now have substantial outstanding balances.  We are getting hammered from providers and members about open claims that have not been paid." (Doc. No. 33 at ¶ 52)

5. Thereafter, American Plan Administrators was replaced with Tall Tree Administrators which ran into similar problems and issued the following statement:

> The self-funded employer group, Skyline Healthcare, has failed to provide Tall Tree with any funding for their employee claims.  After multiple attempts, it appears that the funding for claims will not occur, and therefore Tall Tree has terminated our services on behalf of Skyline Healthcare.  Please understand that Tall Tree Administrators is a third-party administrator, responsible only for the review of medical claims and customer service calls. All funding for claims was the responsibility of Skyline Healthcare.  The enclosed EOB can provide information on how this claim was considered, but Tall Tree

> is not responsible for the funding of these claims, and we suggest you contact the employer group Skyline Healthcare.

(Doc. No. 33 at ¶ 53)

6. The Skyline Enterprise included a phony company, Cornerstone Quality Care, LLC, purportedly operating out of Skyline's offices in Totowa, New Jersey, to first enroll employees of the South Dakota and Pennsylvania Facilities in various forms of insurance, deduct premiums from Class Members paychecks, and them pocket the proceeds without actually purchasing any of the promised benefits. (Doc. No. 33 at ¶¶ 45-46). In reality, Cornerstone Quality Care, LLC was a fake company created by Defendant Jack Jaffa. *Id.*

7. Under the mistaken belief that they had health and dental insurance, Class members underwent medical and dental procedures, which would have otherwise been paid for with insurance, only to be billed for the same after being advised that no insurance had in fact been purchased.

8. As a result of Defendants conduct, Plaintiffs underwent medical and dental procedures that were covered "on paper" only to receive bills from medical providers indicating that the coverage was invalid due to non-payment of premiums.

9. Mr. Schwartz has since been divested of his ownership in more than 100 nursing homes nationwide by Departments of Health and state Attorneys General.

10. Mr. Schwartz is currently incarcerated for a variety of crimes.

11. On or about March 13, 2023, Plaintiffs and co-defendant Jack Jaffa reached a resolution of Plaintiffs' claims against Defendant Jack Jaffa only.

12. On November 20, 2023, Plaintiff filed a Motion for Entry of Judgment against Mrs. Schwartz, Mr. Schwartz, and his LLC companies (Doc. No. 80) which was denied with prejudice on February 10, 2025. (Doc. No. 94) due to flaws in Plaintiffs service of process.

13. On February 24, 2025, Plaintiff filed their Objections to the Report and Recommendation of this Honorable Court (Doc. No. 95) requesting leave to re-attempt service on Mrs. Schwartz, Mr. Schwartz, and his LLC companies.

14. On July 24, 2025, this Honorable Court vacated its February 10, 2025, Report and Recommendation and issued a Letter Order (Doc. No. 96), granting Plaintiff 60 days, until September 16, 2025, to effect proper service on Mr. Schwartz and his LLC entities.

15. On September 16, 2025, the Court conducted a telephone conference regarding this matter and subsequently issued a Letter Order (Doc. No. 97), extending the deadline for service to October 31, 2025.

16. The Mr. Schwartz, and his LLC companies were served with a copy of the Amended Complaint and Summons in this matter via personal service on September 12, 2025, (Docs. Nos. 98-102), triggering a 20-day window within which to respond to Plaintiff's Amended Complaint; none of the Defaulting Defendants did so, nor did they have counsel enter an appearance.

17. On October 6, 2025, Plaintiff requested that the Clerk enter defaults against the Defaulting Defendants (Doc. Nos. 104-108).

18. Plaintiff attempted to serve Defendant, Rosie Schwartz, on multiple dates and at various times, as documented in the Affidavit of Non-Service filed on September 29, 2025 (Doc. No. 103).

19. Despite Plaintiff's due diligence, personal service could not be effectuated. Accordingly, service was completed pursuant to C.P.L.R. § 308(4) using the "nail and mail" method.

20. Defendant, Rosie Schwartz, was served with a copy of the Amended Complaint and Summons via the "nail and mail" method on October 10, 2025, with the mailing dated October 10, 2025 (Doc. No 109). Defendant Rosie Schwartz, neither responded nor had counsel enter an appearance.

21. On October 31, 2025, Plaintiff requested that the Clerk enter default against Defendant Rosie Schwartz (Doc. No. 110).

22. Plaintiffs' damages are for 1) the paid premiums stolen by Defendants, 2) outstanding bills for medical procedures which should have been covered by medical and dental insurance; 3) treble damages and attorney's fees under 18 U.S.C. § 1962 (RICO); and 4) punitive damages.

23. Damage items 1 and 2 in the preceding paragraph total approximately $111,500.[1]

24. Trebled, this amount totals $334,500 under the Civil RICO statute. 18 U.S.C. § 1964 (c) (Doc. No. 21 at ¶¶ 80-100).

25. 33.33% attorneys' fees on $334,500 are $111,450.  18 U.S.C. § 1964 (c).

26. The sum of $334,500 and $111,450 is $445,950.

27. In addition, Plaintiff requests punitive damages in the amount of $2,000,000, which is supported by the allegations in the second Amended Complaint.

28. Accordingly, for all of the reasons set forth above, it is respectfully requested that the Court enter an Order granting Plaintiffs' request for an Entry of Default Judgment against Defendants Joseph Schwartz, Rosie Schwartz, Skyline Health Care, LLC, Skyline Management Group, LLC, Cornerstone Quality Care, LLC and Cottonwood Healthcare, LLC in the amount of $2,445,950.

---

[1] See Plaintiffs' Affidavits attached to the Matthew T. Stone Certification.

                                              Respectfully submitted,

                                              MURRAY, STONE & WILSON, PLLC

Dated: October 31, 2025             /s/ *Matthew T. Stone*
                                              Matthew T. Stone, Esquire